*42
 
 Gaston, Judge.
 

 The only questions proper for our consideration upon the case stated in this transcript, are ^|10ge w¡1¡c[1 arjse upon the exceptions taken by the defendant. The sufficiency of the evidence to support the verdict, must be presumed, until the contrary be shown. It is not, therefore, open to the defendant here to object, that the words charged were not spoken
 
 maliciously,
 
 for that they were spoken in the course of a judicial trial and were pertinent to the matter then in controversy, because this objection does not appear to have been taken below; and we must understand, that so much only of the evidence is spread on the record, as is necessary to show the supposed errors specified in the exceptions. It is thought proper to make these observations, lest it might be supposed, that we have passed in any way upon a defence which was not made; but perhaps might have been urged at the trial.
 

 The defendant’s plea of justification put in issue the truth of the testimony rendered by the plaintiff on the trial of the warrant, before the magistrate. That testimony was, that on a particular occasion, when the defendant’s son, Spencer Rice, accompanied the plaintiff to Patton’s store, in Ashville, the said Spencer purchased, as agent for his father, and upon -account of his father, a side of leather, which was delivered to him accordingly. The falsehood of this statement was endeavoured to be shown, by the testimony of Spencer Rice, who positively denied, that he purchased or received any leather for his father; and declared, that the only leather which he know of as being obtained by any person on that occasion, was obtained by and delivered to Radford himself, the plaintjff in this action. This evidence went directly and strongly to support the defendant’s plea, and it was all important to the plaintiff to meet and repel it. For this purpose, he examined Mr. Patton, who sold and delivered the leather, and who swore that it was sold and delivered by him to the witness, Spencer, on account of his father; and in confirmation of this statement, exhibited his day-book, containing the original entry made by him, at the time of the transaction, wherein the article was
 
 *43
 
 debeted to the defendant. Further to contradict the defendant’s witness, and to repel the plea of justification, the plaintiff offered the testimony of a Mrs. Peggy Carter. On the cross-examination of the defendant’s witness, he had been asked, whether, on his return with the plaintiff, from Ashville, he saw Mrs. Carter, and had answered, that he did not recollect, whether he had seen her, or not. She testified, that the plaintiff and the witness stopped near her house, when on their return from Ashville; the witness driving, and the plaintiff riding in the same wagon; that she carried water to the wagon; and on observing the leather, remarked to the plaintiff, that he had a fine roll of leather; and that the plaintiff, laying his hand on it, said, “ this is Jesse Rice’s leather.” To the introduction of this testimony, two exceptions were made; first, for that it tended to contradict the witness, Spencer, on a
 
 collateral
 
 matter, whether he had or had not seen Mrs. Carter; and, secondly, for that what the plaintiff said was not evidence, inasmuch as it was not said in the defendant’s presence. The judge admitted the testimony, and held, if Spencer Rice heard what was said, and made no reply, it was a circumstance proper to go to the jury, as tending to discredit him.
 

 The first of these exceptions is founded on a misapprehension of the rule in relation to collateral facts. It is not allowable to counsel, on a cross-examination, to put a question to a witness concerning any collateral fact
 
 not relevant to the issue,
 
 for the purpose of disproving the truth of the expected answer, by other witnesses. His answer to such a question must be taken as conclusive; and no evidence can be afterwards admitted to contradict it. But this rule does not apply to any inquiry respecting the fact in issue, or its attendant circumstances, or any facts immediately connected with the subject of inquiry. The rule is founded on a consideration of the extreme inconvenience which would result from rendering an inquiry which ought to be simple, and confined to the matter in issue, complicated and prolix, by causing it to branch out into an indefinite number of issues. But the matter respecting which Mrs. Carter was examined,
 
 *44
 
 immediately concerned the very transaction which was under investigation, and was, in truth, a part of that transaction itself. If her testimony contradicted that of the impeached witness, it.contradicted his testimony upon the fact, whether the leather was delivered to him, as his father’s, or delivered unto the plaintiff, as the plaintiff’s leather. So strictly has this rule been confined to questions irrelevant to the issue, that it has been held, that a witness may be asked, whether he has not said, that he would be revenged on the prisoner; and in case of denial, he may be contradicted. In such a case, the inquiry is deemed relevant to the issue, as showing the temper and disposition under which the witness has testified upon that issue.
 
 Yewin’s Case, 2
 
 Camp. 638, n. 1 Star. 164.
 

 There is nothing also in the other exception. Beyond doubt, the testimony of the witness might be impeached, by showing facts inconsistent with it. Of that character was the fact deposed to by Mrs. Carter. Certainly, also, it might be impeached, by proof of declarations made by him, at variance with his testimony. A declaration of another, in his presence and hearing, and not contradicted, is proper to be submitted to the jury, as evidence that he acquiesced in and admitted the truth of such declaration. The judgment is to be affirmed, with costs.
 

 Pjer Curiam. Judgment affirmed.