Ruefin, C. J.
 

 Strictly speaking, a
 
 venire de novo
 
 could not be awarded on the point respecting the jurors, had the decision on it been erroneous, inasmuch as the prisoner’s exception does not state, that the challenge was made by him, nor assign any cause for if. In
 
 Benton’s
 
 case, 2 Dev. & Bat. 196, although the juror said, he had made up and expressed an opinion as to the guilt or innocence of the prisoner, and although there was every inference, that it was unfavorable to the prisoner, from the fact that the prisoner, as here, afterwards challenged him peremptorily, yet the Court was obliged to affirm the judgment, because it did not appear affirmatively that the opinion was adverse to the prisoner. As it stood indifferent upon the record, whether the opinion was for or against the prisoner, and as only that party can challenge, for the cause of an opinion formed and expressed, against whom such opinion is, the Court could not say there, was error in over-ruling the challenge, as that of the prisoner founded on that opinion, as the cause. So, here, if it be admitted, that the prisoner had cause of challenge, for that the j urors had formed and expressed the opinion, that he was guilty, yet if he did not challenge the jurors, or
 
 *472
 
 did not challenge them for that cause, he cannot complain, that the Court did not on his behalf set them aside. In drawing exceptions counsel ought to recollect, that this Court cannot presume pleadings nor infer objections on the side of the appellant more than of the appellee, and that the
 
 onus
 
 is on the appellant to show that there was error: and, therefore, that every fact was directly stated, on-which the party relies to establish or exhibit the error. The exception ought to have set forth a narrative of the transaction as it occurred, by saying that the prisoner ■challenged the juror, and then setting forth the cause he assigned. As it is, there is no legal intendment of any particular cause, as the record merely states, that it was ‘•for cause;” and, as none is stated, it is impossible for the ■Court to determine, whether that assigned was or was ■not sufficient in law.
 

 But if the Court could supply that defect by supposing that the prisoner was the challenging party, and that his cause of challenge was, that the jurors had from rumor made up and expressed an opinion against him, the Court would still hold, as the cause is stated, that the Superior Court did not err in again tendering the juror to the prisoner. As was said in
 
 Ellington’s case,
 
 7 Ire. 61, such an opinion, formed from rumor — if opinion it can be called —would seem in its nature to be but hypothetical ; that is,.resting upon the supposition, that the facts should turn out to be on proof according to the rumor. Hence, when the juror is further asked, whether, if the proof should fail to show the truth to be as the matter had been reported against the prisoner, or show it to be different, his impression or opinion would in that case prevent him from doing impartial- justice according to the evidence, the anstver is a natural one for every man, who has honesty and sense enough to try anything, that he had no such opinion as could influence his mind to give a verdict contrary to or without evidence. Under such circum
 
 *473
 
 stances the juror must be deemed
 
 prima facie
 
 to be ill-different, and therefore we must suppose his Honor held him to be so in point of fact. We will not say, that upon some minds common fame may not make such impressions, that triers or the Judge might find the person
 
 net
 
 to be indifferent. That would depend much on their estimate of his intelligence, temper, candor and general impartiality. But when he swears, that his mind is in an impartial state, and that it was never otherwise but-upon rumors merely, and that he would not act on them independent of the evidence, there is,
 
 prima facie,
 
 we think,, no just ground of exception to him as a juror.
 

 In the
 
 State
 
 v.
 
 George,
 
 8 Ire. 324, a previous statement,, consistent with the testimony of a witness given on the trial, was deemed competent in support of his credit, when, attacked by evidence that he had made inconsistent statements. It is argued, that it is different here, because the witness was impeached by evidence of bad character.. But the force of such a distinction is not perceived. The evidence in question is, in its nature, but a feeble support of the credibility of the witness. But such as it is, it seems to be as good proof, that the testimony of the witness is true, when his veracity is attacked upon the score of bad character, as upon that of having told different tales about the matter.
 

 Upon the other question of evidence, we suppose his. Honor attended to the directions, which appeared to have been given by the presiding Judge as to the mode of examining witnesses to general character, in
 
 Boswell’s case, 2
 
 Dev. 209. The judgment was affirmed in this Court; but it cannot be collected from the opinion of the Court, that it was deemed necessary or proper in every case to pursue the order of examination there set forth, or even that those questions should all be put in every ease in any order. But certainly they are very proper questions in themselves, and they may always be put by the on©
 
 *474
 
 party'or the other, and generally will be so put. Although the prisoner may not, perhaps, have been bound to go through that series of interrogatories, so as to make him ascertain, how far the witness was addicted to all the vices in the catalogue, but he might have come at ©nee to that or those he meant to impute to the witness, yet it is not perceived that the prisoner received or could have received any prejudice, by reason that the whole examination would be conducted by his counsel. Since all the questions might be asked or were proper to be asked by the one or the other, it seems totally immaterial on which side they were propounded; and therefore no harm could have arisen to the prisoner from the course adopted, and the Court has no right to disturb the verdict.
 

 Per Curiam.
 

 Ordered to bo certified accordingly.