RuffiN, J.
 

 The statute which authorises the clerk to pass on depositions, and makes those allowed by him legal evidence, only applies to depositions of competent witnesses. Objections, therefore, remain ojien on the score of incompetency ; and that is fatal to the deposition in this case. It was taken out of the county under a commission, not under seal, while the statute in that case requires a seal. The commissioner, who took it, bad, therefore, no authority to take it, or administer an oath to the witness ; and consequently, the oath was extrajudicial, and the witness could not be convicted of perjury. Hence, the deposition was properly rejected.
 

 The objection to the juror, is no doubt for favor; and on the part of the plaintiff, it was argued that the decision of his Honor is conclusive, because the parties substituted him for triers, and the finding the triers, being oil matter of fact, cannot be enquired into upon an appeal. Rut the proposition,
 
 *577
 
 that a challenge
 
 propter affectxom
 
 involves matter of fact alone is not correct. The point was very much considered in
 
 Benton’s
 
 case, 2 Dev. and Bat. 196, and it was there found, that the Judge was bound to instruct the triers, as he would a jury, upon matter of law, whereby, supposing the facts to be ascertained, the juror offered, though not standing in such a relation to the parties as to constitute a causé of principal challenge, is yet held in law, not to stand indifferent, because of some other connexion with a party, or with some person interested in the suit or question. And it was held, upon these authorities, that if the Court erred in such instructions to the triers, the decision was the subject of review here. The only question, therefore, in this case is, whether the decision here was upon the matter of fact or of law, as establishing the juror’s indifference, and if the latter, whether it be erroneous or not. It is perfectly clear, upon his Honor’s statement, that there was no dispute as to any fact. It is stated, and, therefore, taken as found, that one Phillips, was the surety of the plaintiff for the prosecution of the suit, and that the juror was the son-in-law of Phillips. Tet, the Court refused to allow the defendant’s challenge, and the juror served.— That could only be because those facts did not establish in law, that the juror was not indifferent. The decision was, therefore, upon the point of law exclusively. On it, the opinion of the Court, is opposed to his Honor’s. It is true, the surety for the prosecution is not a party to the issues to be tried, so that he cannot interpose in the trial, nor after judgment have it superseded or reversed. Tet, his bond is part of the record, and judgment may be entered upon it instanter, without notice, so that he has a direct interest in the decision, and the record. He cannot be a witness or. a juror in the case, because of his interest; and by consequence, his son-in-law, is substantially subject to the same objection of a want of indifference, as. if he, the surety, were a party to the suit. Ho authority is found directly in point. But there are many cases in which the courts have gone great lengths in respect to interests and relations more or less remote, which evince a lau
 
 *578
 
 dable solicitude, that every man’s case shall be tried by an impartial jury. It is not thought necessary, nor deemed safe to attempt to lay down a precise rule on the degree of kindred, for instance, or other fact, out of which an interest in the judgment might be more or less certain or contingent, considerable or minute, as determining the competency or in competency of a juror. It is sufficient, that in the case before us, there must be a grave inference of partiality, which might probably affect the verdict found. It is assumed, of course, that the juror knew how Phillips stood to the cause; for if he had not known it before, he must have learned it, pending the challenge to him.
 

 Per Curiam, Judgment reversed, and
 
 venire da novo.