Manly, J.
 

 The exceptions presented in the elaborate case, reported to this Court, have been examined, and we find no error.
 

 Those exceptions, which arose upon the selection of the jury, are clearly untenable, according to recent and well considered cases in our own Court. The leading case is, the
 
 State v.
 
 Benton, reported in 2 Dev. and Bat. Rep. 196, and this has been followed by the subsequent cases of Oraton, Ellington and others, reported in 6th and 7th Iredell ; in all of which, the rights of the State and of the prisoner, respectively, in challenges to jurors, are discussed and .defined.
 

 One point is made in the case, under consideration, in connection with this subject, which it may be as well to notice specially, as it is new, and that is, whether th
 
 & prisoner
 
 has a right to postpone showing his cause of challenge to a juror until the panel is gone through. Such a right was not demanded by the apparent necessity out of which grew the practice, as exercised by the State, and has never been used or claimed in this State or elsewhere, as far as our information extends.
 

 As a privilege of the prosecution, it is known to have sprung up in England, at the time when the right of peremptory challenge was entirely taken away from the Crown by 33 Edward 1. In that state of the law, the Crown, having no power to set aside a juror, objectionable, but not legally disqualified, was permitted to put him aside until the end of the panel, that it might be seen whether the prisoner could not
 
 *123
 
 get a jury of his choice from persons unobjectionable to the Crown.
 

 This right, after our political independence, was transferred to the State, and has been continually exercised by it since. There is no warrant for such a right or privilege in the prisoner, and his Honor below was, therefore, right in declaring it to be a privilege of the State.
 

 The cpiestions made as to the admissibility of testimony are all governed by such familiar principles, so often repeated in this Court, we deem it unnecessary to notice them in detail. No one of them is tenable.
 

 The instructions asked for, seem to us-to be severally predicated on assumptions without proof to support them. There is no proof of a mutal combat or affray. It is a case in which the deceased is assailed with a dangerous stick ; — is severely beaten — acts only in defense, but unable to defend himself, calls for assistance, and is then, before assistance could be rendered, stabbed to death with a knife.
 

 This is the most favorable view for the prisoner which can be taken of the transaction, and upon this, it is a clear case of murder. Clothe it in the details of the evidence, and it is a very bad case.
 

 Ve have examined the whole record in the case and find no error.
 

 This must be certified to the Superior Court for the county of Gaston, to the end that it may proceed to j udgment and execution upon the prisoner.
 

 Per Curiam,
 

 Judgment affirmed.