There is no cause assigned upon the record for a challenge to the array, and we consider the case, therefore, as a challenge to the polls. It was so treated in the court below.
Challenges of this sort lie under three principal divisions: (1) propterhonorem; (2) propter defectum; (3) propter affectum. Of the last, under which lies our case, there are two sorts; the one working a principal challenge, the other to the favor. And the first question that presents itself for our consideration is whether the cause assigned be principal cause or cause for challenge to the favor only. For if it be of the latter class, whether it be tried through consent of parties by the judge or decided by triers appointed for the purpose, it is a subject of discretion, and cannot be reviewed in this Court.
 Many cases of the one class approach those of the other so nearly as to be hardly distinguishable.
(274) The one before us, however, does not seem to be incumbered with much of this difficulty, and we are of opinion that it falls under the class of principal challenge. According to the explanation in Joy's treatise on the subject, a principal challenge under the head propteraffectum is where there is express malice or express favor, and is a judgment of law, either without act on the part of the proffered juror or a judgment of law upon his act. Upon the cause assigned in the record before us, viz., the act of trying as a juror the former case (the facts being conceded), the law draws a conclusion as to his fitness or unfitness. Hence, the cause is one for principal challenge, which, in the court below, involves questions of law, and is subject to be reviewed in this Court.Sehorn v. Williams, 51 N.C. 575, presents questions of challenge to a juror. It was a plain case of principal challenge, and is an authority on the point here stated, if any were needed.
The action is against the defendant for fraudulently removing a debtor from the county. (Rev. Code, ch. 50, sec. 14.) It seems that divers creditors had commenced actions against the defendant upon the same allegation, one of which had been tried before, and the jurors tendered on the trial of this case had set on that trial and rendered a verdict for the defendant. This was assigned as cause for principal challenge, and we think well assigned.
It is a well established and ancient usage not to allow a juror to sit a second time on the same cause, and it matters not whether the same only or other additional or different witnesses are to be examined. The juror is alike unfit. This does not differ substantially from the case now before us. Then the corpus to be proved is precisely the same that it was *Page 171 
on the trial at the suit of the other creditor. It is in the nature of a criminal information, in which the allegation is that defendant removed or assisted to remove the debtor from the county with intent to defraud creditors. If he did so in respect to one creditor, he did so in respect to all. The juror has decided the case under oath as to one, and if the conclusion to which he came in that case be true, it is equally (275) true of all the others, however they may happen to appear on divers trials. It is not in the nature of man, even in the most conscientious of the race, to divest himself altogether of prepossession or bias in favor of a judgment so solemnly formed; and it is difficult to perceive how the bias can be less in the special case before us than in the case of a juror called to try the same cause a second time. It is indeed substantially a requirement of the latter class, and is a strain which the law does not allow to be put upon the conscience of a juror. It is important, in order to preserve the trial by jury as a safeguard for rights that the juror should not only be intelligent and of sound moral sense, but free from all prejudice.
We take no account of the information, elicited by the judge from the plaintiff's counsel, that some additional testimony was to be examined; for, as in the case of a juror offered a second time in the same cause, it would make no difference, so in this case we think it would not affect the juror's competency.
We have passed over also, as matters of no weight in the cause, the answers given by the jurors to the inquiry whether, if additional testimony was offered, they could give the plaintiff a fair and impartial trial. The law upon the supposed state of facts pronounces a judgment of incompetency, and no answer of the jurors could obviate the rule of law. In Coke upon Littleton, 158, b., it is said: "If the cause of challenge touch the dishonor or discredit of the juror, he shall not be examined on his oath, but in other cases he shall be examined on his oath to inform the triers." And since the trial of Cooke for treason in the reign of William III., 13 State Trials, Howell's Ed., pp. 312, 234, et seq., it has been, I think, uniformly held, when the question has been made, that if the question disparage the juror, he ought not be asked it. either upon oath or otherwise. While, therefore, we hold that (276) the answers could not have affected the result, we take occasion to disapprove of such a course of inquiry. Answers to such questions, in the great majority of cases, will not be likely to afford reliable information as to the true state of the juror's feelings.
The Court is of opinion, therefore, (1) That the cause of challenge assigned is cause of principal challenge, and that the Court can take cognizance of and review the same. (2) That the jurors challenged were under a legal bias, by reason of having decided the case of *Page 172 Goodman v. Harris, and that the challenges ought, therefore, to have been sustained and the jurors withdrawn.
This will entitle the plaintiff to a venire de novo, and we abstain from going into an examination of the questions of evidence raised upon the record.
PER CURIAM. Venire de novo.