### THE STATE *v.* VIRGIL KIRKMAN.

Answers given by a witness to such collateral questions as are put with the purpose of showing his temper, disposition or conduct, are not conclusive, but may be contradicted by the interrogator.

One who calls out a statement from a witness, which he subsequently impeaches by another witness, cannot object to testimony from the other side in support of such witness, on the ground that the statement so called out by himself was *collateral matter.*

(*State* v. *Patterson*, 2 Ire. 346, cited and approved.)

LARCENY, tried before *Cloud, J.*, at Fall term 1868, of the Superior Court of SURRY.

On the trial the prosecutor, one Haymore, upon cross-examination, deposed to a conversation in relation to the theft with one Shelton, in which he represented the latter as saying, that *he* knew more of the theft than he wished to know, and that he would get witness' money (the subject of the larceny) for him by Saturday night. Afterwards the defendants introduced Shelton to contradict this statement of the prosecutor, which he did. On cross examination by the State, Shelton was asked if he had not on the same day of the conversation with Haymore, made the remark attributed to him by the latter, to one Hall, at a certain mill. He replied that he did not recollect that he had. Afterwards, to corroborate Haymore and contradict Shelton, the State offered to introduce Hall, to show that Shelton had made such a remark. The defendant objected, on the ground that it was collateral matter. The Court admitted the testimony.

Verdict, guilty: Rule for a new trial. Rule discharged. Judgment and appeal.

No counsel for the appellant.

*Attorney General, contra.*

SETTLE, J. The whole case discloses that the main object of the defendant was to break down the prosecutor Haymore. He first calls for a statement from Haymore, and then attacks him with an impeaching witness; and when it is proposed to corroborate Haymore, and impeach the impeaching witness, it is not for him to say—this is all a collateral matter, and the State is bound by the answers of my witness.

At what stage did the statement become collateral? Was it when the defendant called for it from Haymore; or when he contradicted it by Shelton? It would rather seem that he regarded it so, for the first time when about to be corroborated. To permit such attacks upon the credit of a witness, and cut off, under the idea of collatteral matter, all opportunity to corroborate and sustain him, would be exceedingly unfair.

It would be nothing more nor less, than to allow one party

to set traps for another, so adjusted, that of what he caught he could take just such parts as he liked, and reject the rest.

If the matter was collateral, the defendant introduced it for the purpose of impeaching the credit of Haymore, and it was too late for him to repudiate it, when it was about to turn out differently from what he expected.

In *State* v. *Patterson*, 2 Ire. 346, this subject is discussed at length. We adopt the language of Judge Gaston, who delivered the opinion of Court in that case. He says:

" With respect to the collateral parts of the witness's evidence drawn out by cross-examination, the practice has been to regard the answers of the witness as conclusive. Of late, however, it is understood that this rule does not apply in all its rigor, when the cross-examination is as to matters, which, although collateral, tend to show the temper, disposition or conduct of the witness, in relation to the cause or the parties. His answers as to these matters are not to be deemed conclusive, and may be contradicted by the interrogator."

This language will apply, in the case before us, to the testimony of both Haymore and Shelton, but we need only consider it, so far as the testimony of Shelton is concerned. It was competent, then, to contradict him, provided the proper foundation was laid, by calling his attention to what, it was alleged, he had stated elsewhere, so as to revive his recollection, and afford him an opportunity of admitting or denying the statement, or of giving such explanations as he might see proper to do.

The case states that he was asked, if he had not, on the same Thursday he had seen the prosecutor, told " William Hall, at the mill, that he knew more about the case than he wished to know, and that Haymore should have his money by Saturday night," and that he replied, " he did not recollect that he did." It appears that he was put upon his guard, not only as to the statement, but as to the time and place, and the person to whom it was made.

After this, we think it was clearly competent to introduce the witness Hall, and prove the statements made to him by

:Shelton, on the occasion referred to, both for the purpose of impeaching Shelton, and corroborating Haymore.

The issue before the jury was the guilt or innocence of the defendant, but the credit of the prosecutor Haymore, bore very directly upon that issue, and when it was attempted to impeach him with the witness Shelton, it became material and proper for the jury to inquire, what credit was due to Shelton.

PER CURIAM.                    There is no error.