## THE STATE *v.* WILLIAM HOUSE.

An otter is an animal valuable for its fur, and though it be one *feræ naturæ*, yet, if it be reclaimed, confined or dead, the stealing it from its owner is larceny.

It is error to quash an indictment which charges in one count the stealing one otter, confined in the trap of one J. D. P., and in another count "a certain dead otter of the value of one dollar of the goods and chattels of the said J. D. P."

This was an indictment against the defendant, in which he was charged in one count with stealing "one otter confined in the trap of one John D. Parish, of the value of one dollar, of the goods and chattels of the said John D. Parish." A second count charged that the otter was dead.

At the last term of the Superior Court for the County of JOHNSTON, the defendant's counsel moved the Court, his Honor, *Watts, J.,* presiding, to quash the indictment upon the ground that the thing stolen was not the subject of larceny. The motion was granted and the defendant ordered to be discharged, whereupon the Solicitor, Cox, appealed to the Supreme Court.

No counsel for the defendant.

*Attorney General*, for the State.

SETTLE, J.   There was error in quashing the indictment, on the ground that the thing stolen was not the subject of larceny.

An otter belongs to the class of animals known as *feræ naturæ*, and therefore it was necessary to allege in the indictment that it had been reclaimed or confined or that it was dead.   This is done in the indictment under consideration.   It was not suggested that animals *feræ naturæ* are not the subject of larceny, provided they are fit for the food of man and are dead or confined, but we apprehend that his Honor acted upon another distinction laid down in the English authorities, to-wit: that there is a class of animals which, though they may be reclaimed, are not such of which larceny can be committed, by reason of the baseness of their nature.

All of the distinctions as to animals *feræ naturæ* and as to their generous or base natures, which we find in the English books, will not hold good in this country.   The English system of game laws seems to have been established more for princely diversion than for use or profit, and is not at all suited to the wants of our enterprising trappers.

We take the true criterion to be, the *value* of the animal, whether for the food of man, for its fur, or otherwise.   We know that the otter is an animal very valuable for its fur, and we know also that the fur trade is an important one in America, and even in some parts of North Carolina.   If we are to be bound absolutely by the English authorities, without regard to their adaptation to this country, we should be obliged to hold that most of the animals so valuable for their fur, are not the subject of larceny, on account of the baseness of their nature, while at the same time we should be bound to hold that hawks and falcons, when reclaimed, are

the subject of larceny in respect of their generous nature and courage.

There was error. Let this be certified.

PER CURIAM. Judgment reversed.