STATE v. JAMES W. ELLIOTT.

On cross examination, a witness on a trial for murder, stated that she "did *not* tell Mrs. L. on the day of the homicide, that the deceased was sitting up, and she did not think he was hurt as bad as he pretended to be" : *Held*, that the State calling out this evidence was bound by it, and could not call Mrs. L. to contradict the statement.

(*State* v. *Patterson*, 2 Ired. 346; *State* v. *Kirkman*, 63 N. C. Rep. 246; and *Clark* v. *Clark*, 65 N. C. Rep. 661, cited and approved.)

INDICTMENT for murder, tried before *Cloud, J.*, at the Fall Term, 1872, of the Superior Court of DAVIDSON county.

The defendant was indicted for killing one Jesse F. Harris. On the trial in the Superior Court, a number of exceptions were taken to the rulings of his Honor on points arising, both in relation to the selection of the jury and to the admission of evidence, and also to his Honor's charge to the

jury after the evidence and arguments had closed. These exceptions to the evidence and the charge of his Honor, it is unnecessary to state, as they are wholly irrelevant to the point upon which the case was decided in this Court; and. the evidence objected to and received by the Court below, raising the question, the decision of which disposes of the case on this appeal, is fully set out in the opinion of the Court.

The jury returned a verdict of guilty. Motion for a new trial; motion refused. Judgment, and appeal by defendant.

*Gorrell* and *Scott & Scott,* for the defendant.
*Attorney General Hargrove,* with whom was *Bailey,* for the State.

SETTLE, J. On the trial, the prisoner introduced as a witness Mrs. Beck, who testified : " I am a sister of the prisoner's wife; on the afternoon of the day of the homicide, I saw the prisoner come out of his house with a bottle of camphor, in a great hurry. I went with the prisoner to the deceased; prisoner rubbed the deceased with camphor a great deal, did all he could for him. I did not rub the prisoner any. My mother, Mrs. Rainey Owen, brought water from the spring and put it on his head. I went as fast as I could to the place, when I heard what was the matter; saw a rock close by on the ground that would weigh four of five pounds ;. the prisoner sent Joyce Owen for Mrs. Harris and Alford Owen for the doctor. The prisoner and deceased always appeared very friendly, and visited frequently."

On cross examination, she stated that she did not tell Mrs. Ellen Lane on the day of the homicide, that the deceased was sitting up, and she did not think he was hurt as bad as he pretended to be. The State then called Mrs. Lane to contradict Mrs. Beck. The prisoner objected to this evidence, but it was received by the Court, and Mrs. Lane tes-

tified that " Mrs. Beck and herself had a conversation on the day of the homicide, when she asked Mrs. Beck how deceased was, and Mrs. Beck replied : " I sit him up against the fence and washed the blood off him. I do not think he is hurt very bad ; he makes out like he is hurt a great deal worse than he is."

It is very clear that the State questioned Mrs. Beck as to a collateral matter, and by a well-established rule of the law of evidence, was bound by her answer. There are exceptions to the general rule, that the answers of a witness as to collateral matters drawn out by cross examination are conclusive, and these exceptions are discussed in *State* v. *Patterson*, 2 Ired. 346 ; and *State* v. *Kirkman*, 63 N. C. Rep. 246, but they have no application to our case. In *Clark* v. *Clark*, 65 N. C. Rep. 661, it is said : " When the cross examination instead of being general, descends to particulars, then the party is bound by the answer and cannot be allowed to go into evidence *aliunde*, in order to contradict the witness, for it would result in an interminable series of contradictions in regard to matters collateral, and thus lead off the mind of the jury from the matter at issue."

If the rule be such in a civil case, certainly it would apply with greater force in a criminal prosecution. We cannot weigh the effect that this contradiction of Mrs. Beck, on a collateral matter, may have had with the jury ; it may have so prejudiced the prisoner's case as to lead to his conviction ; but be that as it may, we are to apply to the case a well-established rule of the law of evidence, which entitles the prisoner to a *venire de novo*.

PER CURIAM.                                        *Venire de novo.*