STATE v. FOARD KRIDER and others.

*Indictment—Larceny—Fish—Defective Indictment.*

1. Fish are not the subject of larceny unless reclaimed, confined or dead and valuable for food or otherwise.
2. An indictment for larceny which charges the defendant with having stolen "five fish" and fails to allege any of the conditions which render fish the subject of larceny, is fatally defective.
3. In an indictment against two defendants, it is improper to examine each defendant against the other before the Grand Jury for the purpose of obtaining a true bill against both.

(*State* v. *House,* 65 N. C. 315, cited and approved.)

INDICTMENT for Larceny tried at Fall Term, 1877, of DAVIE Superior Court, before *Cox, J.*

The defendants were charged with stealing fish :—The jurors &c. present that (defendants) &c. five fish of the value &c. of the goods &c. then and there being found, did feloniously steal, take and carry away against &c. The names of both defendants were endorsed on the bill of indictment as witnesses, one against the other, and it was insisted by the counsel for defendants that to make co-defendants witnesses against each other before the grand jury was not warranted. No objection was made in the Court below as to the sufficiency of the bill, but the point was taken on the argument here. Verdict of Guilty. Judgment. Appeal by defendants.

30

*Attorney General* for the State.

*Messrs. J. M. Clement* and *W. H. Bailey*, for the defendants.

FAIRCLOTH, J.   The defendants were indicted and convicted for stealing "five fish" of the goods &c.   Wild animals are not the subject of larceny, unless reclaimed, confined or dead, and are valuable for food or otherwise.   *State* v. *House*, 65 N. C. 315.

Fish are the subject of larceny only under the same conditions as animals, and the bill of indictment is fatally defective in failing to allege any of those conditions and no amount of proof can supply the defect.

All the books agree that if fish are confined in a trunk or otherwise so that they may be taken at the pleasure of him who has thus appropriated them, then they are the subject of larceny.   "Fish confined in a net or tank are sufficiently secured; but how, in a pond, is a question of doubt, which seems to admit of different answers, as the circumstances of particular cases differ."   2 Bish. Cr. L. § 685; 1 Hale P. C. 511; Foster's Crown Law 366.

An English statute, 5 Geo. III. ch. 14, made it indictable to steal fish from a river, in any enclosed park.   In a case under this statute, "where the defendant had taken fish in a river that ran through an enclosed park, but it appeared that no means had been taken to keep the fish within that part of the river that ran through the park, but that they could pass down or up the river, beyond the limits of the park at their pleasure; the Judges held that this was not a case within the statute."   *Rex* v. *Corrodice*, 2 Russel 1199. This is sufficient for our case; but it appears from the record that there are two defendants, and that a true bill was obtained by examining each one before the grand jury against the other.   We will call the attention of Solicitors and the profession to the question whether there is any authority

for such practice.   At present we are aware of none.   It probably arose from a loose construction of the Act of 1866, on the law of evidence.   It is objectionable, and in the absence of positive statutory enactment cannot be permitted.

Let this be certified to the end that judgment be arrested.

Error.

PER CURIAM.                          Judgment reversed.