STATE v. MATT. BRAGG.

*Larceny— Landlord and Tenant—Evidence.*

On trial of an indictment for larceny charging the defendant with stealing "seed cotton and lint cotton," evidence that defendant took the gleanings of the cotton from the field, is not admissible. To render

such evidence competent, the indictment should be framed under the statute, and describe the crop as " growing, standing or ungathered " in the field, and cultivated for food or market.

(*State* v. *Clark*, 8 Ired., 226; *Horan*, Phil , 571; *Moore*, 11 Ired., 70; *Liles*, 78 N. C., 496; *Krider*, *Ib.*, 481; *Patrick*, 79 N. C., 655; *Turner*, 66 N. C., 618; *House*, 65 N. C , 315, cited and approved.)

INDICTMENT. for larceny tried at Spring Term, 1880, of NORTHAMPTON Superior Court, before *Gudger*, *J*.

. In separate counts the bill of indictment charges the defendants, Matt. Bragg and Hugh Cain, with the larceny and felonious receiving of ten pounds of seed-cotton, and also of ten pounds of lint cotton, specifying the value of each, the property of M. W. Ransom, and upon trial before the inferior court of Northampton county, both were found guilty.

Before the jury the state offered testimony to show that on a certain night in January, 1879, the gin house on the plantation of said Ransom, some four miles distant from the town of Jackson, was entered and a considerable quantity of loose cotton stored therein, both in the seed and picked, taken and carried away. The next day the two defendants were met on the road leading thence towards Jackson, each with a bag of seed cotton, which they subsequently concealed behind a log, where it was found and recognized as corresponding with that stolen.

The state also offered evidence that the defendant, Matt. Bragg, removed from the plantation of Ransom where he lived, on the day preceding the theft, to an adjoining plantation, known as "Mowfield," where the other defendant lived, and that he carried with him a lot of cotton, part of which his wife had gleaned from a field he had cultivated, and the residue from a field which had been cultivated by another tenant, who gave his consent to her gathering it. Both fields were cultivated under a contract with the owner upon shares. There was other testimony, not necessary to mention, pointing to the defendants as the persons who en-

tered the gin house and implicating them in the criminal act.

The evidence of the removal of the ungathered cotton from the fields was admitted, after objection to its pertinency under the form of the indictment, and the court charged the jury in relation thereto (and to this the defendants also except) in these words :

" If the jury should believe that the cotton found in the sacks was gathered from the fields of M. W. Ransom cultivated on shares, with a felonious intent to deprive him of his part of the cotton, they should find the defendants. guilty ; but if they should believe that the defendants took the cotton without a guilty knowledge or intent, or under a belief or misapprehension that they had a right to take it, then they should find them not guilty."

The defendants moved for a new trial for the errors assigned, and being refused and judgment pronounced, the defendant, Matt Bragg, appealed to the superior court. Upon a hearing in that court, the judge being of opinion that no error had been committed, affirmed the ruling of the inferior court, and directed his judgment to be certified. From this judgment the defendant prayed an appeal to this court, which was denied, and thereupon he sued out a writ of *certiorari*, under which the record is brought up, and we are required to review the regularity of the proceedings and the rulings in the trial court.

*Attorney General*, for the State.
No counsel for defendant.

SMITH, C. J., after stating the above. We think there was error committed in receiving evidence of the gleanings of the cotton left in the fields, and in the directions given to the jury as to its effect. The subject matter of the larceny charged is " seed cotton" and " lint cotton," terms which,

44

unexplained, seem to designate the article, after it has been picked or taken from the plant, in its condition before and after its undergoing the process of separating the seed from the fibre or lint.   In commerce it is sold in both states, and a contract of sale, describing it in either way, would undoubtedly be understood as meaning the gathered and not the ungathered article in the field, unless there are other terms indicating a different intent.   There is required a reasonable certainty in the designation of stolen property to enable the defendant to know and meet the specific charge if he can, and to protect himself if he cannot, from a second prosecution for the same offence.   *State* v. *Clark*, 8 Ired., 226; *State* v. *Horan*, Phil., 571.

Thus a charge of stealing two barrels of turpentine is not supported by proof of the taking of that quantity from the box cut in the tree to receive and hold the descending sap. *State* v. *Moore*, 11 Ired., 70.

The error in admitting the evidence is repeated in the instructions to the jury as to its legal sufficiency and effect. Growing or matured cereal crops in the field are not the subject of larceny at common law, because before severance they partake of the nature of the realty and are not within the terms of the definition of the offence.

The felonious removal of " growing, standing, or ungathered indian corn, wheat, cotton, potatoes and rice," was made larceny by statute, and to the list of articles have been added terms of more comprehensive import—" fruit, vegetable or other product," restricted to such as are " cultivated for food or market."   Rev. Stat., ch. 34, § 24;   Rev. Code, ch. 34, § 21;  and Bat. Rev., ch. 32, § 20.

But an indictment, admitting evidence in its support, under the statute, must designate the stolen article, as it is there described, as *growing, standing, or ungathered* in the field, and not by the simple name it bears after being gathered. Without these superadded words, the charge must be un-

derstood as referring to the cotton after it is picked and put to itself. And so an article not specially mentioned in the act, but embraced in the generic word " product," must not only be named, but described as having been " cultivated for food or market." *State* v. *Liles,* 78 N. C., 496. This is in accordance with the adjudged cases. *State* v. *Turner,* 66 N. C., 618; *State* v. *Krider,* 78 N. C., 481; *State* v. *Patrick,* 79 N. C., 655; *State* v. *House,* 65 N. C., 315.

For the error in allowing the testimony of the gleaning of the remnant of the crop left in the filed, and the directions given the jury as to its pertinency and sufficiency to sustain the allegations in the bill, there must be a new trial, and the superior court should have so adjudged upon the appeal. The judgment of the affirmation is therefore reversed, and this will be certified to the end that further proceedings be had in accordance with this opinion.

Error.                                    *Venire de novo.*