STATE v. W. K. BALLARD.

*Evidence—Collateral Matters—Contradicting Witness—Larceny of Growing Crops—Indictment.*

1. While as a general rule the answer of a witness on cross-examination to questions about collateral matters is conclusive, the rule does not apply to questions in regard to matters which, although collateral, tend to show the temper, disposition and conduct of the witness in relation to the cause or parties.

2. Where the cross-examination, instead of being general, descends to particulars, the party is bound by the answer to collateral matters, even when they go to show the witnesse's temper and conduct in relation to the cause or parties.

3. An indictment for the larceny of growing crops need not allege that
   the crops were cultivated for food or market, unless the larceny
   charged was that of some fruit or vegetable cultivated for food or
   market, not specifically mentioned in the statute.

(*State* v. *Patterson*, 2 Ired., 346 ; *State* v. *Roberts*, 81 N. C., 606 ; *State*
   v. *Glisson*, 93 N. C., 510; *Clark* v. *Clark*, 65 N. C., 661; *State* v. *Liles*,
   78 N. C., 496; *State* v. *Bragg*, 86 N. C., 690; *State* v. *Thompson*, 93
   N. C., 538; cited and approved).

This was an INDICTMENT for larceny of growing crops,
tried before *Gilmer, Judge,* at September Term, 1886, of
ANSON Superior Court.

The indictment charged that the defendant, " one peck of
corn, of the value of six pence, the property of A. B.
Wheeless, then and there standing and remaining ungath-
ered in a certain field of the said A. B. Wheeless, there situ-
ated, feloniously did steal, take and carry away," &c.

Robert A. Carter, a witness for the State, testified that he
had employed three members of the bar to assist the Solic-
itor in the trial, and that he had paid them for their services ;
that he had no interest in the property alleged to have been
stolen by the defendant, and that the owner of the alleged
stolen property had declined to prosecute this indictment.

He was asked by defendant's counsel, if he had not gone
to the defendant's house, about the time the indictment was
found, carrying with him a double barrel shot gun, and find-
ing that the defendant was not at home, if he had not said
to the defendant's wife, that if Ballard, (meaning to include
the defendant,) did not get off from the land they were then
on, he would put them all in jail? In answer to this ques-
tion, he said he did go to the defendant's house with the
shot gun, and finding the defendant absent from his house,
he left a message with the defendant's wife, which was as
follows:

"Tell your husband, (meaning the defendant,) he must
get off the land which I claim and he now holds." He

further stated that the land claimed was then in suit be-
tween the witness (Carter) and W. K. Ballard.

The wife of the defendant was then put upon the stand,
in behalf of the defendant, and in the course of her testi-
mony she was asked: "Did R. A. Carter come to the house
of your husband, with a double barrel shot gun, and finding
your husband away from home, say to you: 'that if the Bal-
lards, meaning the defendant and his father, did not get off
from the land the defendant was then on, being the land
then in suit between him and the defendant, he would put
them in jail?'"

The Solicitor objected to the question and the answer
thereto. The objection was sustained by the Court, and the
defendant excepted. There was a verdict of guilty. Motion
for a new trial. Motion overruled.

The defendant then moved in arrest of judgment, upon
the ground that the indictment omitted the words "culti-
vated for food or market," which he insisted, constituted a
material part of the offence.

This was overruled, and judgment was pronounced, from
which the defendant appealed to this Court.

*The Attorney-General,* for the State.
No counsel for the defendant.

DAVIS, J., (after stating the facts). The first exception is
based upon the rejection of the testimony of the defendant's
wife, to controvert the statement of the witness Carter.

It has been well settled in this State, since the case of the
*State* v. *Patterson,* 2 Ired., 346, that while the rule has been
to regard the answers of witnesses on cross-examination as
conclusive in reply to collateral questions, yet the rule does
not apply "as to matters, which although collateral, tend to
show the temper, disposition and conduct of the witness in
relation to the cause or the parties." His answers as to these

matters may be contradicted.  *State* v. *Roberts*, 81 N. C., 606; *State* v. *Glisson*, 93 N. C., 510 ; 1 Greenleaf, §449.

In this case, the temper, disposition and conduct of the witness Carter were sufficiently apparent from his words and acts, and as was said by PEARSON, C. J., in *Clark* v. *Clark*, 65 N. C., 661, " When the cross-examination, instead of being general, descends to particulars, then the party is bound by the answer, and cannot be allowed to go into evidence *aliunde*, in order to contradict the witness, for it would result in an interminable series of contradictions in regard to matters collateral, and thus lead off the mind of the jury from the matter at issue."

We think there was no error in excluding the testimony of defendant's wife in the particular excepted to.

The motion in arrest of judgment was properly disallowed.

*The Code* §1069, declares that "if any person shall steal or feloniously take and carry, away any maise, corn, wheat, rice or other grain, or any cotton, tobacco, potatoes, peanuts, pulse, or any fruit, vegetable or other product cultivated for food or market, growing, standing, or remaining ungathered, in any field or ground, he shall be guilty of lar-larceny and punished accordingly."

It is manifest, not only from a fair and proper construction of the language of the statute, but from the course of legislation upon the subject, that the qualifying words, " cultivated for food or market," apply and are limited to " any fruit, vegetable, or other product," and do not apply to the several articles specifically named in the statute.  At common law, growing crops were not the subject or larceny. The first statute upon the subject was in the Acts of 1811, incorporated in the Rev. Stat., chap. 34, §24, and made the stealing of specific crops therein named larceny.  This was brought forward in the Rev. Code, chap. 34, §21, and the qualifying words, " cultivated for food or market."  The taking of figs, watermelons, blackberries, or other fruits

or vegetables, unless cultivated for food or market, would not be larceny, and as to such products the qualifying words of the statute constitute a material and necessary part of the descriptions, but they are not necessary as to the articles specifically named in the statute. *State* v. *Liles,* 78 N. C., 496; *State* v. *Bragg,* 86 N. C., 690 ; *State* v. *Thompson,* 93 N. C., 538.

There is no error. Let this be certified.

No error. Affirmed.