T. B. BURNETT v. ·WILMINGTON, NEWBERN AND NORFOLK RAILWAY COMPANY.

*Action for Damages—Trial—Witness—Corroborative Testimony—Opinion Evidence—Experts—Hypothetical Questions—Instructions—Exceptions.*

1. It· is competent to corroborate a witness by showing that he has previously made the same statement as to the transaction as that given by him in his testimony.

2. In such case it is not necessary to ask the witness to whom such former statement, offered in corroboration, was made.

3. A "broadside" exception "to the charge as given" is valueless.

4. Where, on the trial of an action, there' was no evidence to show any impairment of plaintiff's hearing, it was error to admit a hypothetical question to a physician as to the cause of an injury complained of in the action, which question was based upon plaintiff's "sight and hearing being impaired."

CIVIL ACTION, for damages for personal injuries resulting from defendant's negligence, tried before *Coble, J.,* and a jury, at Fall Term, 1896, of NEW HANOVER Superior Court. There was a verdict, followed by a judgment, for the plaintiff and defendant appealed.

*Mr. Thomas W. Strange,* for plaintiff.

*Messrs. A. M. Waddell* and *J. D. Bellamy,* for defendant (appellant).

CLARK, J.: The first assignment of error is unfounded. It is competent to corroborate a witness by showing that previously he had made the same statement as to the transaction as that given by him on the trial. *Johnson* v. *Patterson,* 9 N. C., 183; *State* v. *Twitty,* Ibid, 449; *State* v. *George,* 30 N. C , 324; *State* v. *Dove,* 32 N. C., 469; *Bullinger* v. *Marshall,* 70 N. C., 520; *State* v. *Laxton,* 78 N. C., 564; *State* v. *Parish,* 79 N. C., 610; *Jones* v.

*Jones,* 80 N. C., 246; *State* v. *Blackburn,* Ibid, 474; *Roberts* v. *Roberts,* 82 N. C., 29; *State* v. *Boon,* 82 N. C., 637; *McLeod* v. *Bullard,* 84 N. C., 515, 529; *Davis* v. *Council,* 92 N. C., 725; *State* v. *Brewer,* 98 N. C., 607; *State* v. *Jacobs,* 107, 873; *State* v. *Freeman,* 100 N. C., 429; *State* v. *Ward,* 103 N. C., 419; *State* v. *Morton,* 107 N. C., 890; *State* v. *Brabham,* 108 N. C., 793; *Hooks* v. *Houston,* 109 N. C., 623; *Gregg* v. *Mallett,* 111 N. C., 74; *State* v. *McKinney,* Ibid, 683; *Byrd* v. *Hudson,* 113 N. C., 203. Indeed, the witness himself is competent to testify to the consistent statements previously made by him. *State* v. *George, supra ; March* v. *Harrell,* 46 N. C., 329; *State* v. *Mitchell,* 89 N. C., 521; *State* v. *Whitfield,* 92 N. C., 831; *MacRae* v. *Malloy,* 93 N. C., 154; *State* v. *Rowe,* 98 N. C., 629; *State* v. *Rhyne,* 109 N. C., 794; *Sprague* v. *Bond,* 113 N. C., 551; *Wallace* v. *Grizzard,* 114 N. C., 488; *State* v. *Staton,* Ibid, 813.

In view of these, and yet other decisions continuously from those of the first chief justice of this court above cited from 9 N. C. Reports, down to the present, uniformly sustaining the competency of such evidence, it admits of a mild surprise that such exception should be again presented to this court.

It is true that the Judge should explain to the jury that such evidence is merely corroborative, and not substantive evidence (*Sprague* v. *Bond, supra*), but there is no exception that the court failed to instruct the jury that it was merely corroborative evidence, and the presumption is that the charge was unexceptionable in that respect. *Byrd* v. *Hudson,* 113 N. C., 203; *State* v. *Brabham,* 108 N. C., 793 (on p. 796); *State* v. *Powell,* 106 N. C., 635. The "broadside" exception "to the charge as given," is valueless for any purpose. *McKinnon* v. *Morrison,* 104 N. C., 354, and cases there cited and numerous cases cited in Clark's

Code (2nd Ed.) pp. 382, 383 and in supplement to same, p. 64; *State* v. *Page*, 116 N. C., 1016; *Kendrick* v *Dellinger*, 117 N. C., 491; *State* v. *Downs*, 118 N. C., 1242.

Nor is there any precedent or any support in reason for the earnest contention of counsel that the witness, when on the stand, should have been asked as to whom he had made corroborative statements. When it is sought to contradict a witness by showing statements made by him inconsistent with his evidence it is competent on his cross-examination, in order to put him on his guard, to ask him if he has not made such inconsistent statements; but even then this is not essential, when the evidence is material to the issue. *Radford* v. *Rice*, 19 N. C., 39; *State* v. *Patterson*, 24 N. C., 346; *Black* v. *Baylees*, 86, N. C., 527; *State* v. *Davis*, 87 N. C., 514; *State* v. *Mills*, 91 N. C., 581; *State* v. *Morton*, 107 N. C., 890.

It is only when a collateral question is asked as to declarations to show temper, bias or disposition of the witness that the preliminary question whether he has made such statement must be asked and time and place must be given. *State* v. *Brabham*, 108 N. C., 793 (on p. 796); *Radford* v. *Rice, supra; State* v. *Patterson*, 24 N. C., 346: *Edwards* v. *Sullivan*, 30 N. C., 302; *State* v. *Sam*, 53 N. C., 150; *State* v. *Kirkman*, 63 N. C., 246. Indeed, as to other collateral questions, his answer is conclusive. *Clark* v. *Clark*, 65 N. C., 655: *State* v. *Elliott*, 68 N. C., 124; *State* v. *Patterson*, 74 N. C., 157; *State* v. *Roberts*, 81 N. C., 605; *State* v. *Glisson*, 93 N. C., 506; *State* v. *Ballard*, 97 N. C., 443; *State* v. *Morris*, 109 N. C., 820; 1 Greenleaf Ev., Section 449.

In deference to the request of counsel and the earnestness of argument we give the above *resume* of principles applicable to corroborative and impeaching evidence, as settled by the uniform decisions of our court. There are

many other decisions to the same purport, but these are sufficient to show that the practice is reasonably well settled.

On the second exception we are with the appellant. It was error to ask the expert, Dr. Russell, a hypothetical question as to the cause of injury described, based upon plaintiff's "sight and hearing being impaired to such a degree that he has been unable to attend to his regular business, such troubles starting immediately after receiving the injury described and continuing almost unceasingly." There was no evidence tending to show such, or, indeed, any impairment of plaintiff's hearing, and his own testimony flatly contradicted it. He said: "I have not been hard of hearing for ten years." The hypothetical evidence was calculated to mislead the jury, and it was error to admit it over the defendant's exception. Rogers' Expert Test, Section 78; *Ray* v. *Ray*, 98 N. C., 566. This renders it unnecessary to consider the other exceptions.

New Trial.