### STATE v. LORENZO BROWN.

(Decided October 17, 1899.)

*Indictment for Rape—Corroborative Evidence—Declarations of Prosecutrix.*

The prosecutrix having testified to the assault, was cross-examined for the purpose of impeaching her evidence; it is competent for the State to introduce a witness to corroborate the prosecutrix, by proving a declaration made by her soon after the assault, in regard to the same.

INDICTMENT for rape upon Pearlie Harper, a female child under 10 years of age, tried before *Moore, J.,* and a jury, at April Term, 1899, of PITT Superior Court.

STATE *v.* BROWN.

The prosecutrix, Pearlie Harper, was first examined for the State, and testified to the commission of the offence upon her by the prisoner; that she was hurt and bleeding, and while she was crying he threatened if she told to kill her, and told her to say that she did it herself with a cotton stalk.

This witness was then cross-examined by the prisoner for the purpose of impeaching her testimony.

For the purpose of corroboration, Louisa Best was introduced as a witness for the State, and, after objection from the prisoner, testified as follows:

"Pearlie Harper came to my house between seven o'clock and eight o'clock the morning the rape is alleged to have been committed.   When Pearlie came she was crying.   She first said she hurt herself with a cotton stalk, she then asked Rachel if she would beat her if she (Pearlie) told.   Then Pearlie said that she and Lorenzo Brown had communication together."

The defendant objected to all the foregoing testimony of Louisa Best, as far as it related to any conversation between witness and Pearlie Harper, the prosecutrix.

Objection overruled, and defendant excepted.

There was evidence that the prosecutrix was 8 years of age.

There was other evidence, both for the State, and for the defendant, who was examined in his behalf, and contradicted the prosecutrix in every essential particular.

There was a verdict of guilty, and judgment of death, from which judgment the prisoner appealed to Supreme Court.

*Mr. Zeb. V. Walser,* Attorney-General, for the State.
No counsel *contra.*

FAIRCLOTH, C. J.   The prisoner was indicted and convicted of rape on a female under 10 years of age.   Only one

exception appears in the record, and that is to the competency of evidence.

The prosecutrix testified to the assault, and was cross-examined by the prisoner for the purpose of impeaching the evidence of the prosecutrix. The State then introduced a witness to corroborate the prosecutrix, by proving a declaration of the prosecutrix made soon after the assault, in regard to the same. The prisoner excepted to the admission of such evidence, the conversation having taken place in the absence of the prisoner. The evidence is competent according to all the numerous decisions made for nearly a century. In *Burnett v. Railway Co.,* 120 N. C., 517, this Court considered the question in all its bearings, and cited a long list of the cases.

We were not favored with an argument in behalf of the prisoner. We are not aware of a single authority in conflict with the rule above referred to.

We see no error in any part of the record, and must affirm the judgment of the Superior Court.

No error.