J. F. BUTLER v. GREENSBORO FIRE AND INSURANCE COMPANY.

(Filed 24 October, 1928.)

**Jury—Competency of Jurors, Challenges and Objections—Challenges to the Poll for Cause.**

> Where a judgment is set aside for surprise and excusable neglect, and a new trial awarded in the Superior Court, and the same jury which gave a verdict in the first trial is empaneled, the party against whom the original verdict was rendered has a right to challenge each juror thereon as a principal challenge for cause as a matter of law, and upon the refusal of the trial court to allow such challenge a new trial will be awarded in the Supreme Court. Challenges for principal cause and challenges to the favor distinguished by ADAMS, J.

APPEAL by defendant from *Sinclair, J.,* at April Term, 1928, of COLUMBUS.

On 16 November, 1925, the defendant issued a policy of fire insurance on certain property of the plaintiff for the sum of $1,800. The policy was delivered to the plaintiff, the premium was paid in advance for two years, and while the policy was in force and effect a building belonging to the plaintiff was destroyed by fire. The total loss is alleged to have been $4,000, and it is admitted that the policy was issued in the sum of $1,800. The direct controversy between the parties was whether the policy of insurance covered the particular property that had been burned. The case was tried in the absence of defendant's counsel and the jury returned a verdict that the house which had been burned was covered by the policy and that the plaintiff was entitled to recover $1,800 with interest from 23 January, 1927. Judgment was given upon the verdict, and thereafter defendant's counsel moved to set aside the verdict for surprise and excusable neglect. The motion was allowed, and the case was thereupon again called for trial, and over defendant's objection it was tried by the jury which had previously tried the case in the absence of the defendant's counsel. The defendant challenged the array and also the individual jurors on the ground that they had previously determined the issue between the plaintiff and the defendant. The peremptory challenges were exhausted, and exception was entered to the ruling that the other jurors were competent.

The greater number of jurors said upon examination that they would not enter upon the trial with a clear, unbiased mind as they had done when the case was first called for trial, and that it would take a great deal of evidence to remove the impression already made on their minds. They answered further that notwithstanding the impression previously made they could hear the evidence and render an impartial verdict without being influenced by what they had heard on the previous trial, and that they could enter upon the consideration of the case with an open mind and make up their verdict upon the evidence uninfluenced by what they had heard. Thereupon the court held the several jurors to be competent. The defendant excepted. The issues were again answered for the plaintiff. Judgment was given upon the verdict and the defendant excepted and appealed upon error assigned.

*Powell & Lewis and E. N. Toon for plaintiff.*
*Herbert McClammy and I. C. Wright for defendant.*

ADAMS, J. The two general divisions of challenges are to the array and to the polls. At common law the office of selecting a jury was committed to the sheriff, and his partiality, or "unindifferency," was the usual ground on which the array was challenged. Under our practice a

challenge to the array is generally allowed when partiality or misconduct of the summoning officer is brought to the attention of the court, or where in making out the jury list a mandatory statute is disregarded, or where some fatal irregularity is shown. 1 Thompson on Trials, ch. 3, sec. 31; *S. v. Murph,* 60 N. C., 129; *S. v. Haywood,* 73 N. C., 437; *S. v. Martin,* 82 N. C., 672; *S. v. Speaks,* 94 N. C., 865; *S. v. Hensley, ibid.,* 1021; *Moore v. Guano Co.,* 130 N. C., 229. There was no error in overruling the challenge to the array, but the other exceptions present a more serious question.

Challenges to the polls are peremptory and for cause. Those for cause were subdivided at common law into four classes: *propter honoris respectum,* out of respect of rank or honor; *propter defectum,* on account of some defect; *propter delictum,* on account of crime; and *propter affectum,* on account of affection or prejudice. 4 Bl., 352; *S. v. Levy,* 187 N. C., 581. Not with the first three classes, but with the fourth only are we now concerned.

Challenges *propter affectum* are either principal challenges, that is, challenges for principal cause, or challenges to the favor. In the event of a challenge to the favor the finding as a fact by the trial judge that a juror is or is not indifferent is not reviewable on appeal. The theory is this: An opinion finally or fully made up and expressed is a cause of principal challenge as a matter of law; but an imperfect or hypothetical opinion, or one based only on rumor or report is not cause for principal challenge, but for challenge to the favor. *S. v. Ellington,* 29 N. C., 61; *S. v. Dove,* 32 N. C., 469; *S. v. Bone,* 52 N. C., 121; *S. v. Collins,* 70 N. C., 241; *S. v. Kilgore,* 93 N. C., 533; *S. v. Potts,* 100 N. C., 457; *S. v. Bohanon,* 142 N. C., 695; *S. v. Banner,* 149 N. C., 519. An opinion, however, which is based upon rumor or hypothesis is entirely different from an opinion formed by jurors who have been duly empaneled and have returned a verdict upon the testimony of witnesses, although the evidence was not contradicted and the hearing was *ex parte.* In this event the opinion of the jurors is cause for principal challenge. This is the law as declared in *S. v. Benton,* 19 N. C., 196, 212, in which it is said: "Challenges for indifferency are all in one sense because of favor, '*propter affectum,*' but they are distinguished by the law into two sorts, either those working a principal challenge for favor, or those inducing or concluding to the favor. These two sorts sometimes approach each other so closely that it is difficult to draw the line between them; but in contemplation of law, a distinct line of discrimination does exist. The former are said to be because of express favor, or favor apparent, and embrace all those matters which, being shown or admitted, warrant the conclusion of law, without regard to the actual fact, that the person challenged is not indifferent. Thus, if the person challenged be of kin-

dred to one of the parties, the law presumeth that he doth favor his kinsman. So if he hath before given a verdict on the same matter for one of the parties, or hath been an arbitrator thereon, at the nomination of one of the parties, and treated with him thereof; or if he be his servant, or his tenant, liable to his distress, the law itself sees unindifferency, and requires no triers to find it."

The statement in *Baker v. Harris,* 60 N. C., 271, is that counsel for the plaintiff challenged all the jurors (the original panel) for the reason that they had tried the case of *Goodman v. Harris* (the same defendant) for the same act;. and had given a verdict for the defendant. The witnesses who testified in *Goodman's case* were to be examined again and others were to be offered. Each juror said he could give the plaintiff a fair and impartial trial. Thereupon the judge ordered the jury to be empaneled and a verdict was returned for the defendant. In granting a new trial the Court said: "According to the explanation in Joy's treatise on the subject, a principal challenge under the head *propter affectum* is where there is express malice or express favor, and is a judgment of law, either without act on the part of the proffered juror or a judgment of law upon his act. Upon the cause assigned in the record before us, viz., the act of trying as a juror the former case (the facts being conceded), the law draws a conclusion as to his fitness or unfitness. Hence, the cause is one for principal challenge which, in the court below, involves questions of law, and is subject to be reviewed in this Court. *Sehorn v. Williams,* 51 N. C., 575, presents questions of challenge to a juror. It was a plain case of principal challenge, and is an authority on the point here stated, if any were needed."

The jurors who returned the first verdict in the case before us were disqualified to serve on the second trial and for this reason the defendant is entitled to another hearing.

New trial.