Battle, J.
 

 The corroborative testimony offered by the plaintiffs, and objected to by the defendant, was, we think, clearly admissible, upon the principle established by previous adjudications of this Court. That principle is, that where the credibility of a witness is attacked, from the nature of his evidence:: from his situation: from bad character: from proof of previous inconsistent statements, or from imputations directed against him in cross-examination, the party who has introduced him may prove other consistent statements, for the purpose of corroborating him. Johnson v. Patterson, 2 Hawks, 183; State v. Twitty, ibid 449; State v. George, 8 Ired. 324; Hoke v. Fleming, 10 Ired. 263; State v. Dove, ibid, 469. In the case before us, where the testimony given by the witnesses for the plaintiff was in direct conflict with that given by the witnesses for the defendant, it is manifest that there was an impeachment of testimony on both sides, and each party endeavored to strengthen his witnesses by proof of good character;. It was but another 'instance of the application of' the principle of corroboration to go a step further, and offer proof of previous-consistent statements. It was competent for each party to do-this; and we have very little doubt that the defendant, as well as the plaintiffs, would have done it, had he been able to pro
 
 *332
 
 duce'i't. There was no error in receiving the testimony offered by the plaintiffs, and the judgment must be affirmed.
 

 Judgment affirmed.