WILLIS MEADOWS v. JAMES C. COZART and others.

*Evidence -- Negotiable Instrument -- Action by Endorsee -- Date -- Possession by Endorsee.*

1. In an action by an endorsee against the payers of a promissory note, wherein A (who in an action of attachment against the payee and endorser had garnisheed the payers) had made himself a party defendant and alleged a want of consideration in the endorsement; *Held,* that a letter from the payee to the payers, claiming the money due on the note and demanding payment of the same, was not admissible in evidence.

2. The date of a deed or other writing is *prima facie* evidence of the time of its execution.

3. The possession and production in evidence of a negotiable note by an endorsee imports that he acquired it *bona fide* for full value before maturity and without notice of any fact impeaching its validity. But when it is shown that there was fraud or illegality in the transfer the holder is called on to rebut the presumption by proving an adequate consideration.

(*Lyerly* v. *Wheeler*, 12 Ire. 2£0 ; *McArthur* v. *McLeod*, 6 Jones, 475, cited and approved.)

CIVIL ACTION, brought by the plaintiff as Endorsee of a Promissory Note, tried at a Special Term of GRANVILLE Superior Court, (August, 1876) before *Seymour, J.*

By consent of the parties, His Honor found the facts (which are substantially set out by Mr. Justice Bynum in delivering the opinion of this Court) and adjudged ;

1. That plaintiff was the owner of and entitled to maintain this action upon the note sued on.

2. That said note in the hands of plaintiff is not subject to any equities between defendant and the payee thereof.

3. That plaintiff have judgment for $625.00 and interest and costs.

From this judgment the defendant Cozart appealed.

MEADOWS *v.* COZART.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff.
*Messrs. L. C. Edwards* and *J. B. Batchelor,* for defendants.

BYNUM, J.  This is an action on a promissory note execu-
ted by Clement & Gooch to one Allen Waller on the 27th of
October, 1867, for $625 and due the 27th of October, 1868 ;
and by Waller assigned by endorsement to the plaintiff on
the 15th of July, 1868, before maturity.  On the 4th of
January, 1869, the defendant Cozart, instituted an action
against Waller on a note due him ; and Waller being a non-
resident he summoned Clement & Gooch by attachment pro-
cess as debtors to Waller upon the said note of $625 now
sued on.  In 1875, Cozart obtained a final judgment against
Waller alone and now on his own application is made a par-
ty defendant in this action, claiming a judgment against his
co-defendants, Clement & Gooch, on the note sued on by the
plaintiff.  He alleges that the assignment of the note by
Waller to the plaintiff was without consideration and frau-
dulent against creditors and that he has acquired a lien upon
it by his proceedings in attachment.  The question of evi-
dence relied on by the defendant will be first disposed of.

On the trial the defendants Clement and Cozart became
witnesses in their own behalf and offered in evidence a let-
ter from Waller to Clement, dated in December, 1870, which
claimed the money due on the bond in suit and demanded
its payment to him.  This evidence offered was ruled out
by the Court on objection by the plaintiff.  The evidence
was incompetent on two grounds ; first because Waller was
not a party to the suit, and was a competent witness ; and
second, the letter was his declarations made after he had
parted with the possession and title in the note, by endorse-
ment and delivery to the plaintiff and therefore inadmissi-
ble.  The defendants, however, attempt to parry the force

of the objection to the competency of the declarations of Waller, by insisting that the date upon the endorsement is no evidence as to creditors that it is the true date. The answer to this is, that it has been expressly held in *Lyerly* v. *Wheeler*, 12 Ire. 290, that the date of a deed or other writing is *prima facie* evidence of the time of its execution upon the general principle that the acts of every person in transacting business are presumed to be consistent with truth, in the absence of any motive for falsehood. The defendant Cozart again insists that having in his answer denied that the endorsement by Waller to the plaintiff was for value, and having alleged that the assignment was without consideration and void, it was a necessary part of the plaintiff's case to show the consideration. And that is the only question. The plaintiff proved the execution of the note and the endorsement and rested his case. At common law, a promise without a consideration was void, and to enforce a contract, a consideration must have been averred and proved. The first exception to this rule was in regard to promises under seal. The solemnity of the act of sealing an instrument was held to impart a consideration and to estop the party from denying it. The next relaxation of the rule was induced by the necessities of commerce, and bills of exchange and promissory notes were held to be *prima facie* evidence of consideration. A distinction was at one time attempted to be made between bills of exchange and promissory notes, holding that the former were negotiable and the latter not, but the statute 3 and 4 Anne, ended the controversy, by making promissory notes "assignable or endorsable over in the same manner as inland bills of exchange are, or may be, according to the custom of merchants." 1. Lord Raymond 757.

One effect of this statute, (and ours is but a copy of the English Statute ; Battle's Revisal chapter 10 § 1.)

was, that an action of debt might be maintained on a promissory note, without alleging a consideration and of course without proving one. As the execution of a promissory note imports a consideration, so likewise does an endorsement, and for the same reason; and the endorsee holds just as the payee held. *McArthur* v. *McLeod*, 6 Jones 475. The possession and production in evidence of a negotiable note by the endorsee, imports that he acquired it *bona fide* for full value before maturity and without notice of any fact impeaching its validity. That establishes a *prima facie* case, and he may there rest it. *Nallet* v. *Parker*, 6 Wend. 615; *McCann* v. *Lewis*, 9 Cal. 246; 1 Daniel on Neg. Instr. § § 160, 170, 812. As the law presumes that every man acts fairly, it rests with the defendant to show some probable ground of suspicion, before the plaintiff can be required to do more than produce the note on which he founds his action. But when this is done, when the defendant shows there was fraud or illegality in the transfer to the plaintiff, another phase is thrown on the transaction and the holder is called on to rebut the suspicion by proving an adequate consideration. *Holmes* v. *Karsper*, 5 Binn. 469; 1 Daniel on Neg. Instr. § § 814, 815. In our case no competent evidence was offered by the defendant to rebut the presumption of consideration for the endorsement. Cozart is therefore not entitled to judgment, but the plaintiff is.

No error.

PER CURIAM.                      Judgment affirmed.