*J. R. LOVE'S Executors v. J. W. HARBIN and others.

*Witness—Deed, its execution and probate.*

1. No consideration is necessary in a deed.   (See *Mosely* v. *Mosely, ante,* 69.)

2. A witness is incompetent under section 343 of the Code to prove the declarations of one deceased in reference to the deed involved in an ejectment suit, a party to which having contracted to sell the land to the witness.

3. A deed to which there is no subscribing witness may be admitted to probate and registration upon proof of the hand-writing of the maker, whether he be living or dead.

4. A certificate of the register of deeds, to the effec tthat a copy of a deed with the order of probate and registration are of record in his office, is *prima facie* evidence of its execution and probate, subject to be rebutted where the *factum* of the instrument, or probate, is disputed.

(*Hogan* v. *Strayhorn,* 65 N. C.; 279 ; *Ivey* v. *Granberry,* 66 N. C., 223 ; *Black* v. *Justice,* 86 N. C., 504 ; *Short* v. *Currie,* 8 Jones, 42 ; *Starke* v. *Etheridge,* 71 N. C., 240 ; *Carrier* v. *Hampton,* 11 Ired., 307, cited and approved.)

---

*Mr. Justice ASHE did not concur with the majority of the court as to the principle announced in reference to consideration in deed.   His dissent, as to that, should also have been noted in *Mosely* v. *Mosely, ante,* 69.

EJECTMENT tried at Fall Term, 1882, of HAYWOOD Superior Court, before *Shepherd, J.*

In this action the plaintiffs seek to recover the possession of a tract of land, claiming title to the same under the last will of James R. Love, deceased.

On the trial it was admitted by the defendants that said testator had once been seized of the land, and that the plaintiffs are entitled to the same under his will, unless the defendants could show that he had executed a deed in the year 1859, whereby he conveyed the same land to J. W. Harbin, the ancestor of the defendants, and which they set up in their answer as the source of their title, the only issue submitted being, "Did plaintiffs' testator execute the deed alleged in defendants' answer?"

At a previous term, at the instance of the plaintiffs, the court had put a rule upon the defendants, to produce upon the trial the original of said deed, or account for its absence, and accordingly the defendants offered the affidavits of themselves and their attorneys to show that diligent search had been made for it amongst the papers of the testator, and in the register's office of the county, and nowhere could it be found; and thereupon the court held that the defendants had sufficiently accounted for the absence of the original.

The defendants then offered in evidence a certified copy of the deed from the register of the county, to which the plaintiffs objected, first, because it appeared from the paper itself that it was no deed, as there was no consideration expressed in it; secondly, the probate was not such as to justify the registration of the original deed, as there was no subscribing witnesses to the instrument, and it was admitted to probate upon proof merely of the hand-writing of the maker; and thirdly, because the probate, even if sufficient to authorize the original to be registered, was not sufficient to authorize the introduction of the copy as evidence, but that it was incumbent on the defendants, since the execu-

tion of the deed was denied, to prove it as at common law, notwithstanding it had been registered.

These objections were all overruled by the court, and the defendants excepted.

The defendants then read in evidence the copy of the deed as certified by the register of deeds for the county, and closed their case, and thereupon the plaintiffs requested the court to adjudge as a matter of law that the execution of the deed had not been sufficiently proved, and that the plaintiffs were entitled to a verdict upon the issue submitted, which was declined by the court, and the plaintiffs excepted.

Much testimony was then introduced bearing upon the question of the genuineness of the deed, and amongst other witnesses the plaintiffs introduced one Robertson, and offered to prove by him certain declarations of J. W. Harbin, the ancestor of the defendants and the person to whom it was alleged the deed in question had been made, in reference to the same. But it being admitted that the said Harbin was dead, and that the witness had contracted to purchase the land in dispute from the plaintiffs and taken a bond for title from them, his competency was objected to by the defendants and their objection was sustained, and the plaintiffs excepted.

The plaintiffs then asked for some special instructions to the jury, but as they were in substance a repetition of their objections to the probate of the deed, it is needless to set them out.

The court charged the jury that the affirmative of the issue was upon the defendants, and it devolved upon them to establish it by a preponderance of testimony; that the certified copy of the deed was *prima facie* evidence of its execution, but if the testimony offered to impeach it was such as to leave their minds in doubt upon the point as to its execution, then they should find for the plaintiffs. The

jury were also instructed that the deed needed no consideration to support it, as the seal itself imported a consideration.

After verdict and judgment for the defendants, the plaintiffs appealed.

*Mr. James H. Merrimon,* for plaintiffs.
*Mr. George A. Shuford,* for defendants.

RUFFIN, J.  Whatever may once have been our opinions upon the subject, it is now the settled rule in this state, that by reason of the efficacy which the statute gives to the fact of their registration, all deeds are put upon the footing of feoffments which take effect by livery of seizen, and need no consideration, as between the parties, to support them. *Hogan* v. *Strayhorn,* 65 N. C., 279 ; *Ivey* v. *Granberry,* 66 N. C., 223 ; *Mosely* v. *Mosely, ante,* 69.

It is difficult to conceive of one whose equitable interest as a purchaser from the plaintiffs of record, with a bond for title of the very lands in dispute, could be more directly and positively affected by the result of the action, than that of the proposed witness Robertson.  He falls both within the letter and the spirit of the statute (C. C. P., § 343) and was properly excluded as a witness in regard to a communication with the deceased ancestor of the defendants.

The objections which the plaintiffs make to the admission of the copy of the deed as certified by the register, as we understand them, are three in number :

1. That the law makes no provision for the probate and registration of a deed upon proof of the hand-writing of the maker only, there being no subscribing witness to the instrument.

2. That there was no proof *aliunde* the certificate of the register, that the original deed in this case had ever been proved before any tribunal, competent to take the probate thereof and order its registration.

3. That where the execution of a deed is denied and notice given to produce the original, then under no circumstances (however the absence of the original may be accounted for) can the copy from the registry be used as evidence, but the deed must be proved *de novo*, at the trial, by evidence competent to show its execution.

Their first exception is fully answered by the decision in *Black* v. *Justice*, 86 N. C., 504, where it was held that a deed to which there was no subscribing witness might be admitted to probate and registration, upon proof of the maker's hand-writing only; and this, without reference to the fact whether he be living or dead. And attention was called to the change in the statute since the decision in *Carrier* v. *Hampton*, 11 Ired., 307, upon which the plaintiffs rely.

In considering the second objection, it must be observed that the statute no where makes it the duty of the officer, who admits a deed for probate, whether he be a clerk or judge, to make and record a formal adjudication of its probate; and in the case of the judge it would be manifestly impossible for him to do so, except upon the instrument itself. Nor is there any provision which requires the register to spread upon his books the certificate of such adjudication, in case the same be made. Still, the uniform habit has been for every officer, before whom a deed is proved, to endorse upon it his adjudication of probate and order for registration, and for the register to spread upon his minutes both the deed and the certificate of probate; and whenever needed in evidence, a copy of the deed and of such certificate certified by the register is all that has ever been required. As said in *Starke* v. *Etheridge*, 71 N. C., 240, it would shake too many titles to allow such an objection to prevail at this day. In our case we have a copy of the deed, and of the certificate of the judge of probate, before whom it was proved, setting forth his adjudication of the probate

and order for registration and the evidence upon which it was allowed, together with a certificate from the register, that they all appear of record in his office, and this taken in connection with the maxim *omnia praesumuntur rite acta,* we must hold to be sufficient *prima facie* evidence of the probate.

The third objection seems too to be entirely met by the decision in *Short* v. *Currie,* 8 Jones, 42. That was a suit upon a clerk's bond, the defence being *non est factum.* On the trial the plaintiff produced the original and undertook to prove its execution by the examination of witnesses, but failed to do so successfully. He then offered in evidence a registered copy of the bond, but upon objection it was excluded by the court, and thereupon he submitted to a non-suit and appealed. This court, taking notice of the fact that such bonds were required to be registered like deeds, reversed the decision of the superior court, upon the ground that the statute made the registry or duly certified copy of the record of a deed, or other instrument required to be registered, sufficient evidence of the execution of the instrument; and this, even, in the trial of the general issue, directly involving the question of its execution, and after the party had failed to make direct proof thereof.

A main purpose intended to be accomplished by registration is the perpetuation of the instrument, and of the memorial of its probate and order of registration, and it will not do to hold that this intention of the statute may in every case be defeated by a notice to produce the original. Under the operation of such a rule, it would be next to impossible to establish any title depending upon very ancient deeds, as they are rarely preserved so as to pass with the land; and this, partly because it is universally understood that when once registered, the proofs of their execution and probate are perpetuated.

It is not intended to say that the fact of registration is

conclusive as to either the execution or probate of the deed, but only *prima facie* evidence, and as the *factum* of the instrument may be disputed after its registration, so may the fact that it was ever admitted to probate, or that it was proved by a competent witness, as was done in *Carrier* v. *Hampton, supra.*

No error.                                        Affirmed.