The assignments of error are so restricted as to preclude us from the consideration of most of the points made by defendant's *Page 338 
counsel in his clear and well-considered argument. The defendant (493) does assign as error, however the refusal of the court to instruct the jury that in any aspect of the testimony the plaintiff has failed to show even prima facie evidence of title in himself when the action was brought, and that they should therefore respond to the issue in the negative.
A deed is presumed to have been delivered at the time it bears date unless the contrary is satisfactorily shown. Lyerly v. Wheeler, 34 N.C. 290;Meadows v. Cozart, 76 N.C. 450. The summons was issued on 28 February, 1894. The deed under which the plaintiff claims bears date of 11 February, 1894, and nothing further appearing is presumed to have been delivered at its date. The deed takes effect from the time of its actual delivery, however, if it is shown by parol testimony to the satisfaction of the jury to have been subsequent to the date. The party having the right to insist upon the presumption may admit the truth of the rebutting testimony, but if he controvert its truth it is the province of the jury to pass upon the question of its sufficiency to overcome the presumption. Vaughan v. Parker, 112 N.C. 96. It is settled law that whenever the rules of evidence give to testimony the artificial weight of a presumption, the question whether it is rebutted by parol evidence introduced for the purpose must go to the jury, unless the truth of such evidence be admitted. A party who offers a witness, whether the adversary party or another, is not precluded from the privilege of contradicting him by testimony inconsistent with his, but only waives the right to impeach him by attacking his credibility.Helms v. Green, 105 N.C. 251; Coates v. Wilkes, 92 N.C. 376. The plaintiff was at liberty, notwithstanding the fact that his witness Adderholt testified that the deed was not delivered till September, 1894, to insist that the date was rather to be relied upon as fixing the time of delivery than the treacherous memory of a witness. Such an (494) argument would have been legitimate, and the jury would have been the judges of its weight. It may be that they discredited the testimony of Adderholt on account of his demeanor or the chances of inaccuracy. We must infer that this contradictory testimony was weighed and passed upon by the jury, because the Judge told them that unless they were satisfied by a preponderance of evidence that the plaintiff had title to the land in dispute when the action was brought, they must respond in the negative to the issue. The broadside exception to the instruction given, without pointing out any specific error, is too general to be considered. McKinnon v. Morrison, 104 N.C. 354. There was no error in refusing to tell the jury that the plaintiff had not offered sufficient evidence to be submitted to the jury, *Page 339 
when he had introduced testimony which tended to show grants from the State and mesne conveyance connecting with them, as well as possession for seven years under color of title to land, the title to which was out of the State.
In the absence of a more specific request it is not such error as the defendant could avail himself of to instruct the jury in the general terms employed by the court. But we deem it proper to exclude the conclusion that we approve of leaving the jury to search out the truth with so little assistance as was afforded them by the abstract propositions which are embodied in the statement of the case as given in lieu of the instruction asked. It may be that the whole of the charge was not sent up. But if it was, it would have been of benefit to the jury, and it was but just and proper, though so far as we can see not the legal duty of the court, to have told them in plainer terms how the plaintiff claimed to have shown title. It nowhere appears plainly that they were instructed specifically as to the possession and the rebutting testimony. But the defendant was in fault in not (495) praying (in writing if he chose) that they be told how to determine whether the plaintiffs had acquired title before bringing the action. The defendant has not by due diligence shown his right to complain of error, if it was committed, and the judgment must be
Affirmed.
Cited: Burnett v. R. R., 120 N.C. 519; Craft v. Timber Co., 132 N.C. 159;Turrentine v. Wellington, 136 N.C. 313; Simmons v. Davenport, 140 N.C. 410;Fortune v. Hunt, 149 N.C. 362; Walker v. Walker, 151 N.C. 167;S. v. Yellowday, 152 N.C. 797; S. v. Davenport, 156 N.C. 611; Belk v.Belk, 175 N.C. 76.