F. A. BUTNER *et al.*, trading as Butner, Kapp & Co. v. NANCY BLEVINS *et al.*

(Decided December 22, 1899.)

*Foreclosure of Mortgage—Private Examination of Wife— Mortgagee—Notice of Fraud, Duress or Undue Influence—Act 1889, Chap. 389, Innocent Purchaser.*

1. Where, upon a conflict of evidence, in the trial of an issue as to the regularity of the private examination of the *feme* covert, the jury respond in the affirmative, the finding of the jury is fatal to her objection relating thereto.

2. Where there is no allegation or proof that the mortgagee had any notice of fraud, duress, or undue influence, and the privy examination is properly certified, the Act of 1889, chap. 389, validates his title.

3. The Act of 1889 also protects the title of an innocent purchaser for value from a grantee, who did have notice of such fraud, duress or undue influence.

ACTION TO FORECLOSE mortgage made to plaintiffs by defendant Nancy Blevins and her deceased husband, tried before *Allen, J.,* at March Term, 1899, of the Superior Court of SURRY County.

There was an issue submitted as to the regularity of the privy examination of the defendant Nancy Blevins, which the jury found in the affirmative.

There were several prayers for instruction in regard to compulsion and undue influence of the husband, asked for by her, but declined by the Court.

Defendant excepted.

There was no allegation nor proof that the mortgagee had any notice thereof, if such compulsion or undue influence was used towards her. Act of 1889, chap. 389.

Judgment in favor of plaintiffs. Appeal by defendants.

*Messrs. Glenn & Manly,* for appellants.
*Messrs. Jones & Patterson,* for appellees.

FAIRCLOTH, C. J. This is an action to foreclose a mortgage executed by Calloway Blevins and his wife, Nancy Blevins. The defendants admit the execution of the mortgage, but the wife avers in her answer that she did not sign the mortgage deed freely and voluntarily. She testified that: "I signed the mortgage in controversy. John Kapp and Harrison Wolfe came to me; my husband called me out and said they wanted a mortgage against the Hunt place and 100 acres of my land. * * * I said to him that I had said I would not put my hand to a mortgage on my land. He said 'you have got to do it.' Kapp and Wolfe were inside of the house, my husband and myself on the outside. I asked if it was against anything but the land; he said, 'No.' I said, 'I can sign it, but I never intend to do it willingly.' I told

him it might knock me out of my home. He then went into the house and said, 'Boys, all right, go ahead.' Wolfe called for a table to write on, and my daughter got it. He filled out the writing and read it. He said, 'Is this all right?' My husband said, 'Yes.' I never opened my mouth. I sat a minute, my husband said, 'Go and sign it.' I got up and stepped across and signed my name. Kapp, Wolfe and my husband were all there. I signed and sat down, my husband signed too." She said that was all that was said and done. In further examination she said she did not sign freely and voluntarily, that "the Justice did not take me separate and apart from my husband. * * * The Justice did not ask me if I signed it 'freely and voluntarily.'" There was conflicting evidence. This issue was submitted: "Was the defendant Nancy Blevins privately examined, separate and apart from her husband, touching her free and voluntary execution of said mortgage, as required by law?" And the jury answered, "Yes." This finding was fatal to the defendant, as to her privy examination.

Several prayers for instruction were made, involving the matters of compulsion of her husband and undue influence, etc. We are relieved of the duty of examining them for the reason that there is no allegation or proof that the mortgagee had any notice of, or participated in, the fraud, duress or other undue influence, in the execution of said mortgage, if such matters were true. The Act of 1889, chap. 389, provides that no deed of conveyance by husband and wife, if the privy examination is certified in the manner prescribed by law, shall be deemed invalid because its execution was procured by fraud, duress or other undue influence, unless the grantee had notice of, or participated in such fraud, duress or other undue influence. This act also provides that an innocent purchaser for value from a grantee who had notice of

such fraud, duress or undue influence, shall not take lands subject to any equity arising out of such fraud, etc.   As the mortgagee is in no way connected with the matters complained of (at least it does not so appear), it is unnecessary to consider any other matter in the record.   Neither the Court nor counsel, nor the parties, made any allusion to this statute. *Bank v. Ireland,* 122 N. C., 575.

Affirmed.