## BENEDICT v. JONES.

(Filed December 23, 1901.)

1. HUSBAND AND WIFE—*Privy Examination of Wife—Mortgages —Probate—Deeds—Acts 1889, Ch. 389.* ·

   Where the privy examination of a wife is not taken, or is taken in a manner insufficient to fulfill the requirements of the law, though the grantee has no knowledge thereof, the matter is open to judicial investigation.

2. HUSBAND AND WIFE—*Privy Examination of Wife—Mortgages —Probate—Presumptions.*

   To rebut the presumption that the privy examination of a wife was properly taken, it must be shown by clear, strong and convincing proof that it was not properly taken.

3. HUSBAND AND WIFE—*Privy Examination of Wife—Mortgages —Probate.*

   If the acts and language of a married woman at the time of her privy examination are of the same legal effect as the words used in the statute for her private examination, it will be deemed sufficient in law.

### PLAINTIFF'S APPEAL.

ACTION by Mary Benedict and others against H. C. Jones and wife and S. G. Atkin, heard by Judge *Frederick Moore* and a jury, at September Term, 1901, of the Superior Court of BUNCOMBE County. From a judgment for the defendants, the plaintiffs appealed.

*J. C. Martin,* and *F. H. Busbee,* for the plaintiffs.
*Locke Craige,* for the defendants.

MONTGOMERY, J. This action was brought to recover possession of a lot of land in the possession of the defendants. On the 4th day of August, 1891, the defendant H. C. Jones, being the owner of six undivided one-sevenths interest in the same, and Hattie, his wife, another defendant, being the

owner of the other one-seventh interest, all subject, however, to the right of dower of the other defendant, S. G. Atkin, who was the widow of T. W. Atkin, a former owner of the property, executed to J. C. Dickerson a deed of trust (the defendant S. G. Atkin joining in the deed) upon the property to secure a large debt, the consideration of which was money borrowed by H. C. Jones from C. B. Benedict. A sale of the property was made by the trustee under the terms of the deed, and the same was bought by the creditor, C B. Benedict, and a deed made to him by the trustee on the 9th of August, 1895.

The plaintiffs in this action are the devisees of C. B. Benedict, who died in 1898. The defendant H. C. Jones filed no answer. His wife, Hattie, in her original answer, set up the one single defense that she was never privily examined touching her execution of the deed of trust, and never signified her voluntary assent thereto to the Clerk of the Court, who certified that her private examination had been properly taken. Four years later she filed an amendment to her complaint, in which she set up the further defense that Benedict, the creditor, had agreed with H. C. Jones, the principal debtor, to extend the time of payment of the debt, without her knowledge or consent, and that she, being a surety, was thereby released. The jury found against her on an issue submitted on the latter defense, and that matter is the subject of an appeal on her part.

Upon instructions of his Honor on the issue raised by the complaint and first answer, the jury found in favor of Hattie, the wife of H. C. Jones, and this is the plaintiff's appeal on that question.

There is no fraud, duress or undue influence alleged to have been practiced upon the defendant Hattie by her husband, or anyone else, in the execution of the deed, or in the private examination.

The question, as we have said, is as to whether her private examination was taken by the Clerk. That question, as we understand it, is a matter that can be inquired into notwithstanding the act of 1889, Chap. 389. The words "privy examination of the wife" in the connection in which they are used in that act, have been construed by this Court to mean that the married woman must have been, both as a matter of fact and in a manner sufficient under the requirements of the law, examined privately, and that she must have acknowledged that she signed the deed of her own free will and without compulsion, etc. If such a privy examination is had and certified by the officer, then that deed can not be invalidated by proof of fraud, deceit or coercion in its execution, unless the grantee participated in the fraud before the delivery of the deed. If, however, the privy examination was never in fact taken, or if it had been taken in a manner insufficient to fulfill the requirements of the law on that subject, notwithstanding the grantee may have had no knowledge of the failure or insufficiency of the private examination, then that matter is open to judicial investigation. *McCaskill v. McKinnon,* 121 N. C., 214; *Butner v. Blevins,* 125 N. C., 585.

In the case before us, his Honor properly told the jury "that there is a presumption of law raised by the certificate of the Clerk, attached to the deed in trust introduced in this case, that the deed was duly executed and acknowledged by Hattie Jones, and that she was privily examined as required by law, and in order to rebut that presumption she must show to the jury by clear, strong and convincing proof that she was not privately examined separate and apart from her husband touching her execution of the deed of trust according to law." But when he refused to instruct them, as he was requested to do, that if they believed the evidence they would find that the plaintiffs were the owners of the land described

in the complaint, and that the defendants were in the unlaw-
ful possession thereof, we think he was in error. Mrs. Jones
had testified that the paper was lying on the table in the
room, at her house, when she entered, and that Cathey, the
Clerk, was present. She said further, "I can read and write,
but did not read the paper. I do not know why I did not
read it. I had been in the habit of signing papers as they
were presented to me. My husband told me he had a paper
which he wanted signed, and I signed it. No one threatened
me. I was not under fear, compulsion or undue influence
from anyone. * * * I had signed a good many deeds in my
life. I had been privily examined concerning other papers
before this time." She also said that "he (Cathey, the
Clerk) asked me if I signed the paper of my own free will,
and I told him that I did not know what the paper was."
We think, in view of the pleadings in the case, and of all the
evidence, including that of the defendant Hattie Jones her-
self, that she did, to all intents and purposes, and in legal
effect, acknowledge in her privy examination that she signed
the deed freely and voluntarily, without fear or compulsion
of her husband or any other person, and that she did volun-
tarily assent thereto. It is not necessary to constitute a valid
privy examination that the very words used in the statute
should be employed in making the acknowledgment. If the
acts and language of the married woman, at the time of her
examination, are of the same legal effect as the words used in
the statute, it will be deemed sufficient in law. *McCaskill
v. McKinnon, supra.* It makes no difference that she said
that she did not know what the paper contained, that she did
not understand its contents, and that if she had she would
not have signed it. She could read and write. The paper
was before her, and she was under no coercion. It was not
the duty of the Clerk to read it to her, under all the circum-
stances, nor to explain to her anything about the matter, for,

from her own testimony, she had been in the habit of signing deeds and having her privy examination taken thereto.

Error.

CLARK, J., concurring in the result. I do not assent to some of the reasoning of the Court, which, it seems to me, is contrary to the intent of the statute, and which is likely to shake the security of all titles in which a married woman is joined. It was, as is well known, to cure this effect of a decision of this Court that a privy examination did not have the effect of a fine and recovery (as had been understood by the profession), that Chapter 389, Laws 1889, was passed. It would be a singular result if "fraud, duress and undue influence" can not impair the validity of a privy examination if unknown to the grantee, but that a mere irregularity in the form of a question asked a *feme covert,* or her evasive reply, which is equally known to the grantee, should avail to set aside the solemn certificate of the officer of the law appointed to take her examination. He may die, and then the security of title to property for which full value has been paid, and which has been taken bby the grantee in full reliance upon the certificate in due form by the officer appointed by the law, depends not thereon but upon the woman's recollection, after the lapse of years, of the precise form of words she used. It is not thus, I think, that this Court has understood the statute. *Butner v. Blevins,* 125 N. C., 585; *Bank v. Ireland,* 122 N. C., 571; *Riggan v. Sledge,* 116 N. C., 87. In England, and in probably all the States which have a clause in their Constitutions as to the property rights of married women similar to that in our Constitution, no privy examination of a married woman is now required. If her recollection of what she was asked or answers can prevail over the certificate of the officer, the sooner the requirement of a privy examination is abolished in our State, the better it will be for those who take title to realty by a deed in which a married woman must join.