TEMPERANCE SMITHWICK v. W. C. MOORE.

(Filed 2 October, 1907).

### Wills—Deeds—Devise—Construction.

When the evidence establishes that the testator and his first wife made a deed to defendant of certain lands, and at the same time the testator delivered to defendant a will devising the same lands and other property, who held both until after the death of the testator, and offered the will for probate, which was refused, owing to notice of a later will devising to testator's second wife "all of his property, real and personal," whereupon defendant had his deed registered, it was error in the Court below to refuse to instruct the jury that, upon the evidence, they should find that the defendant was the owner of the land described in the deed.

ACTION OF EJECTMENT, tried before *Long, J.,* and a jury, September Term, 1906, of the Superior Court of MARTIN County. The pertinent facts sufficiently appear in the opinion of the Court.

*Francis D. Winston* and *A. O. Gaylord* for plaintiff.
*H. W. Stubbs* and *Gilliam & Gilliam* for defendant.

CLARK, C. J. Edward Smithwick (colored), by his will, dated 2 April, 1894, and probated 23 October, 1901, devised "all his property, real and personal," to the plaintiff, who

was his second wife.   By deed of gift, signed by him and his first wife, dated 21 March, 1891, probated 14 October, 1891, and registered 14 October, 1901, he conveyed to defendant fifty acres, cut off from his home tract, which this action is brought to recover.   At some time it seems that Smithwick gave to the defendant a will, as well as the deed.   It is in evidence that the defendant deposited both deed and will with one Wallace, and after Smithwick's death he got them from Wallace and carried them to the office of the Clerk of the Superior Court, who, not probating the will (doubtless because he had notice of the later will in favor of plaintiff), the defendant thereupon registered his deed.   There was evidence that Smithwick had stated that he had made a deed of gift of the land in controversy to the defendant.   In his will he does not purport to devise this land to his wife, but simply devises "all his property, real and personal," but without describing any.

The Court erred in refusing to charge the jury that, upon the evidence, they should answer the issue "No."   The Court properly charged the jury that the registration of the deed raised a presumption of delivery, but left the bare fact that the defendant had both a will and a deed, and registered the latter only after first offering the will for probate, to the jury as evidence from which they could be satisfied that the presumption of delivery of the deed was rebutted.   It appears, inferentially, from terms of defendant's application to probate it, that the will gave the defendant more property than the deed, and hence, naturally, he offered that for probate first.   The fact that he was unable to probate the will because of the later will held by the plaintiff was no evidence that the deed had not been delivered to him.

Error.