W. McD. CUTHBERTSON v. J. A. AUSTIN.

(Filed 13 April, 1910.)

1. Usury—Element of Oppression.

Involved in the charge of usury is the idea of illegal advantage or oppression, and it is competent to offer testimony of dealings or communications between the parties which tend to strengthen this element in the charge.

2. Same—Evidence.

In an action against a mortgagee of plaintiff's land, consisting of several tracts, to recover a usurious charge of interest by his failing to give proper credits on the principal sum out of payments made in excess of the legal rate, it is competent for plaintiff to show that he had had offers of purchase of each of the tracts in a sum total of more than sufficient to pay the mortgage debt, and that the defendant's refusal to release the mortgage lien as to each caused a failure of the various sales.

3. Evidence—Contradiction—Declarations—Witness—Character.

The declarations of a witness made to others, who corroborate them on the witness stand, are competent by way of corroboration when the testimony of the witness is contradicted, though his credibility and character have not been directly attacked.

APPEAL from W. J. Adams, J., at November Term, 1909, of UNION.

The action was brought to reform a mortgage and to recover damages for breach of the reformed contract, and for usury. His Honor instructed the jury to answer the issue as to mistake in the mortgage in the negative; and the contest was waged on the allegations of usury. The plaintiff's evidence tended to show that there was a considerable amount paid by plaintiff to defendant in excess of the amount loaned and the legal rate of interest; and the evidence of defendant tended to prove the contrary. The questions involved were submitted, under proper instructions, to the jury, and they answered the issues in favor of plaintiff, finding that defendant had knowingly collected and received more than the legal rate of interest, and the amount paid and received as interest was $500. There was judgment on the verdict for double the amount of interest paid, as provided in sec. 1951, Rev., from which judgment the defendant appealed to this Court.

Redwine & Sikes for plaintiff.
A. M. Stack and J. J. Parker for defendant.

MANNING, J. The first four exceptions are taken to his Honor's permitting the plaintiff to give in evidence offers to

him for the several tracts of land included in the mortgage to the defendant, which offers were communicated to the defendant. The aggregate amount of these offers was more than sufficient to pay the mortgage debt, and the offers were made by persons able to comply therewith. The defendant declined to permit plaintiff to make any of the sales, by refusing to release the lien of the mortgage to the purchaser. The evident purpose of this evidence was to show that the defendant was pursuing a scheme, not so much to obtain payment of the amount legally due him, as to acquire plaintiff's land by oppressive methods. There was evidence, which the jury has found to be amply sufficient to sustain the charge of the plaintiff, that the defendant took advantage of his condition by knowingly taking, receiving and reserving a greater rate of interest than is permitted by law.

Involved in the charge of usury is the idea of illegal advantage or oppression, and we do not see why it is not competent to offer testimony of dealings or communications between the parties, which tend to strengthen this element in the charge. We do not think the admission of the evidence excepted to was reversible error.

The fifth and sixth exceptions are taken to his Honor's ruling, permitting the plaintiff to testify that he told his wife and one T. F. James, at the time of the loan, the rate of interest the defendant was charging him, and to the testimony of James, that the plaintiff told him, as testified to by him. This was admitted as corroboratory of plaintiff and was restricted by his Honor to this purpose, and so explained to the jury. The evidence was objected to by defendant, for the reason that the credibility or character of the witness had not been attacked, but there was evidence contradicting him, to wit, the testimony of the defendant. Both plaintiff and defendant offered, without objection, evidence of their good character.

The defendant's argument proceeds upon the theory that contradiction was not an attack upon the credibility of the witness —was not an attempt to impeach him. The precise question was presented in *Bullinger v. Marshall,* 70 N. C., 520, in which case *Pearson, C. J.,* said: "First, the plaintiff was introduced as a witness in his own behalf, and swore that, at the time of the sale, the defendant said: 'The mule was sound, as far as he knew, but did not tell him the mule had had the sweeny.' Here was a direct contradiction. The plaintiff, by way of corroborating his testimony, was allowed to prove that soon after the sale and after the unsoundness of the mule had become apparent, the plaintiff, in a conversation with the witness, in detail-

152—22

ing the circumstances of the trade, told him that the defendant had not disclosed the fact 'that the mule had had the sweeny.' We concur with his Honor in the opinion that this testimony was admissible."

In *Roberts v. Roberts,* 82 N. C., 29, *Chief Justice Smith,* speaking to this question, said: "The admissibility of similar and concurring statements previously made by a witness to sustain his assailed testimony and strengthen confidence in the accuracy of his memory and the truthfulness of his evidence, has been so often declared in numerous cases before the Court, from *Johnson v. Patterson,* 9 N. C., 183 (decided in 1822), down to the recent case of *Jones v. Jones,* 80 N. C., 246, and the rule so thoroughly settled and so often recognized and acted on, as to make a citation of authorities entirely needless. We do not propose now to review them, because in England and in New York, and perhaps other States, this species of evidence is received under restrictions and modifications not recognized in this State. We will only say that in *Bullinger v. Marshall,* 70 N. C., 520, *as in our case,* the testimony of the respective parties was in direct conflict, and to corroborate that of plaintiff, he was allowed to show correspondent representations made shortly after the facts occurred." *March v. Harrell,* 46 N. C., 329; *Burnett v. R. R.,* 120 N. C., 517. In this last case the cases decided by this Court upon this question are collected by *Clark, J.* In section 1127, 2 Wigmore on Ev., and in the note under this section, the eminent author recognizes the lack of unanimity in the decisions of the courts on this question, and cites many cases in accord with the uniform holding of this Court. The case of *S. v. Parrish,* 79 N. C., 610, is urged upon our attention as laying down a different rule. In the case of the witness in that case, who sought to be corroborated by previous statements, the Court says: "He was not cross-examined, *not contradicted,* his character not assailed, nor was he in any way impeached, but stood before the court as any other witness, upon his merits." It was held there that the evidence was not admissible. In the present case, the witness was cross-examined; he was contradicted; and he was permitted, without objection, to prove that his character was good. Under the cases cited, we do not think his Honor erred in admitting the evidence.

The other assigned errors are to his Honor's charge. We have read it carefully, and we do not think the defendant has any just ground of complaint. It seems the defendant requested no special instructions to be given upon any particular phase of the law applicable to the evidence, and we see no error in

the charge given. The record stated that his Honor carefully stated the contentions of the parties. The questions involved were almost entirely matters of fact to be ascertained by the jury. These facts have been found against the defendant, and we discover no error in the trial. The judgment is affirmed.

No error.