NAPOLEON B. BELK, BY HIS TESTAMENTARY GUARDIAN AND NEXT FRIEND, R. R. BELK, v. A. H. A. BELK.

(Filed 22 December, 1917.)

1. **Deeds and Conveyances—Registration—Evidence—Presumptions—Burden of Proof—Statutes.**

   The registration of a deed to lands, regular as to probate, is only presumptive evidence of its due execution; and where its validity as to execution is contested with supporting evidence, and the *locus in quo* claimed under a subsequently registered deed from the same grantor, the registration of the prior deed is only such evidence of its due execution as will take the case to the jury, with the burden of proof on the plaintiff alleging its invalidity and the presumption of its due execution in his favor.

2. **Evidence—Impeachment.**

   Questions asked for the purpose of impeaching a witness or showing his bias are more broadly admitted than substantive evidence, but when irrelevant and harmful they should be excluded.

3. **Appeal and Error—Favorable Error.**

   Appellant cannot complain of errors, if any, made by the trial judge in his favor in the charge to the jury.

4. **Deeds and Conveyances—Fraud—Execution—Evidence—Tax Lists—Impecunious Grantee.**

   Evidence of the impecunious condition of the grantee in a deed to lands, and that, therefore, he had no money to pay the recited consideration, is properly admitted with other evidence as competent to show fraud in its execution, as also the tax lists tending to show that the grantee did not own the lands.

5. **Evidence—Consistent Statements—Corroboration.**

   Consistent previous statements of a witness are competent in corroboration of his testimony on the stand.

6. **Appeal and Error—Issues—Answers—Harmless Error.**

   Where the answers by the jury to other issues renders immaterial the submission of one of them, its submission will be considered on appeal as harmless, if erroneous.

BROWN, J., concurs in result.

CIVIL ACTION, tried before *Long, J.,* and a jury, at August Term, 1917, of UNION.

Plaintiff sued for the recovery of his interest in a tract of land containing 484 acres, alleged to have been conveyed by deed dated 4 January, 1857, of Calvin Laney to plaintiff's mother, Parmelia J. Belk, and her children, namely, Napoleon B. Belk, Altha H. Belk, and Phredo R. Belk, as tenants in common. This deed was probated and registered on 25 September, 1880. On 15 December, 1865, Calvin Laney conveyed by deed to the defendant A. H. A. Belk 207 acres of land, which included within its boundaries 97 acres of the land before conveyed by him to Parmelia J. Belk and her children. This deed was registered in 1875.

The defendant denied, in his answer, that Calvin Laney had ever executed a deed for the 484 acres to Parmelia J. Belk and her children, and averred that the alleged deed under which plaintiff claimed an interest in the land was a forgery, or at least was never executed by Calvin Laney, and upon this allegation and denial the first issue was based.

One of the principal questions relates to the burden of proof. The plaintiff contended that the probate and registration of the deed of 1857 raised a presumption of its due execution, which cast the burden on the defendant to show that it was not so executed, or that Calvin Laney's signature to it is a forgery. The defendant contends that the burden of proof throughout the trial was upon the plaintiff as the registration of the deed only made out a prima facie case for the plaintiff as to its due execution and genuineness, but did not shift the burden to the defendant.

The Court charged the jury at the outset that the burden of proof was upon the plaintiff, and he must satisfy them by the greater weight of the evidence that the deed was executed as alleged, but that when he introduced the deed of 1857 in evidence and showed by the record that it was duly probated and registered, the law raised a presumption of its due execution on the day of its date and of the intention of the grantor to transfer the title to the grantees, "And you are instructed that the burden of proof rests upon the defendant in that state of the case to satisfy you by the greater weight of the evidence that the said deed was not executed and delivered by Calvin Laney, and unless the defendant has so satisfied you by the greater weight of the evidence, you should answer the first issue 'Yes.'"

The judge then recited the evidence bearing upon the question as to the execution of the deed, and then proceeded as follows: "When the defendant alleges that the paper-writing is a forged instrument, the burden is upon him to show it by the greater weight of the evidence. I

have already told you that the burden is upon the plaintiff to make out his contention as to the paper and that this paper-writing was executed and delivered by Calvin Laney as and for his deed." The plaintiff excepted as to so much of the charge as placed the burden upon him, insisting that when it was shown that the deed had been duly probated and registered the burden then fell upon the defendant to prove to the satisfaction of the jury by the greater weight of the evidence that it was not the deed of Calvin Laney, either because it was never executed by him or because it was a forgery. The following verdict was returned by the jury:

1. Did Calvin Laney execute and deliver the deed bearing date of 4 January, 1857, to Parmelia J. Belk and others, as alleged in the complaint? Answer: "No."

2. Did the defendant A. H. A. Belk become a purchaser of the 207-acre tract for value and without notice of the deed dated 4 January, 1857, as alleged in the answer? Answer: "Yes."

3. Is any part of the land claimed by the defendants A. H. A. Belk and wife embraced in said deed, and if so, what part of said land? Answer: "97 acres, as per plat."

4. Is the action of the plaintiff Napoleon B. Belk barred by the statute of limitations? Answer: "No."

Judgment for defendant, and plaintiff appealed.

*Stack & Parker for plaintiff.*
*W. B. Love, Frank Armfield and Redwine & Sikes for defendant.*

WALKER, J., after stating the case: We are of opinion that the burden of proof, throughout the trial, was upon the plaintiff, and that the judge not only committed no error as against the plaintiff, but placed too great a burden upon the defendant in regard to the execution of the deed, and of this the plaintiff cannot complain, as it was an error committed in his favor. It is true, as contended by the plaintiff's counsel in their able and forceful argument, that the introduction of a deed which has been duly probated and registered is sufficient proof of its execution and genuineness, at least prima facie, but we do not agree that it raises such a presumption of law or of fact as to require the defendant to rebut it by a preponderance of the evidence.

The registration of a deed is founded upon and authorized only by a probate of the same taken according to the statute, and *ex parte* proceeding, in which the execution of the particular deed in question is adjudged upon the acknowledgment of the grantor or the simple examination of a witness, without the presence of interested parties. As it is not an adversary proceeding, the law does not attach to it the force and effect

of a judgment rendered after all parties concerned have been heard, or could have been heard if they desired to be, but only allows it to have the force of presumptive evidence as to the fact of the due execution in any contest as to the latter.

The force and effect of the registration of a deed has been said by this Court, in some cases, to be prima facie evidence of its due execution, and, in others, to be presumptive evidence of the fact. We are of the opinion that, owing to the nature of a probate and registration, and having regard to the language of the statute with respect thereto, when a registered deed is introduced it raises such a presumption of its due execution, including in this term both signing and delivery, that, in the absence of any contest as to the execution of the deed, and where no evidence is introduced to assail it, the presumption thus raised as to its due execution will warrant the court in directing the jury to find in favor of the validity of the deed; but when its execution is denied and evidence is introduced which tends to show that it was not executed, the burden of proof is on the party claiming under the deed, but he is entitled to the full benefit of the presumption, as evidence in his favor, and whether the opposing evidence is sufficient to overcome this presumption and to call for more evidence from the plaintiff, is a question for the jury, because they must pass upon the credibility of the evidence and its weight. The burden of proof, sometimes called the burden of the issue, is upon the plaintiff, who alleges the existence of the fact, but who, however, in such a case, has the advantage of a presumption in his favor. *Justice Ruffin,* in *Love v. Harbin,* 87 N. C., 249, 255, citing *Carrier v. Hampton,* 33 N. C., 307, said: "It is not intended to say that the fact of registration is conclusive as to either the execution or probate of the deed, but only prima facie evidence, and as the factum of the instrument may be disputed after its registration, so may the fact that it was ever admitted to probate, or that it was proved by a competent witness, as was done in *Carrier v. Hampton, supra.*" It is held in *Kelly v. Jackson,* 6 Peters (U. S.), 622 (8 L. Ed., 523), that prima facie evidence of a fact is such as, in judgment of law, is sufficient to establish the fact and, if not rebutted, remains sufficient for the purpose.

The presumption as to the due execution of a deed which arises from its registration, founded upon a probate, is itself but evidence which must be left to the jury with proper instructions as to its effect in law as proof; but, after all, it is for the jury to say what weight it will attach to it when there is other evidence tending to contradict it and to show that the deed was not executed, and upon all of the evidence it is for them to say, with the burden resting upon the plaintiff and the benefit of the presumption allowed to him, whether the deed was executed.

BELK v. BELK.

Our statute concerning the registration of deeds reads as follows: "All deeds, contracts, or leases, before registration, except those executed prior to 1 January, 1870, shall be acknowledged by the grantor, lessor, or the person executing the same, or their signatures proven by oath by one or more witnesses in the manner prescribed by law, and all deeds executed and registered according to law shall be valid and pass title and estate without livery of seizin, attornment, or other ceremony whatever." It will be seen, therefore, that by the statute all deeds *executed* and registered according to law shall be valid, etc. This can mean nothing more or less than that the fact of execution is not concluded by the registration, but is left open to be found by the jury upon proof, and so we have determined in several cases. If, though, there is no proof except the registration, the court may instruct that the deed is valid and passes the title, and that the jury should find accordingly. This was the evident purpose and intent of the statute, and, in this respect, the ordinary rule as to the burden of proof when there is a prima facie or presumptive case would not apply. But if there is a denial of execution and evidence tending to show that the deed was not executed, the burden continues with the plaintiff throughout the case to prove the fact of execution, but he has the benefit and strength of the presumption raised by the statute in his favor. That the burden is upon him results from the fact that if he offers no proof, being the actor in the case, he cannot recover; but when he introduces his registered deed as evidence of his title, he still has the burden, but with the added advantage of the presumption that the deed was duly executed, which arises from the registration. If there is no more evidence than the registered deed itself, it will entitle him to the recovery, if that depends solely upon the deed, because of the words of the statute; but if there is a denial of the execution of the deed, and evidence to support it, the question as to the execution of the deed becomes an open one with the burden on the plaintiff but with the presumption of its due execution in his favor.

We need not attempt to reconcile the expressions we find in the books in regard to this matter, if there is any conflict between them, as we believe that the rule stated by us is the safest one, and the one to be fairly deduced from the words of the statute and the nature of the proof, for there is no good reason why, when the deed is probated and registered and is not assailed, it should not be considered as valid, nor why the burden should not rest upon the party claiming under the deed when the execution of it is denied and there is conflict in the evidence. The formal proof of the execution is taken before a judicial officer, and even though it be an *ex parte* proceeding, it must be that some more weight should be allowed it than a mere prima facie case arising from oral

evidence of facts, and that it should stand for satisfactory and sufficient proof of execution if there be no contradicting evidence. The use of the word "executed" in the statute shows that it was not intended to close the mouth of any one claiming against the deed, but that when there is an issue as to the due execution of the deed it should be incumbent on the party claiming under it to take the laboring oar and satisfy the jury of its execution, but all through the issue he must have the benefit of the presumption growing out of the fact that it has been formally probated and registered. There is no independent defense set up in the answer, such as fraud in the treaty, insanity, illegality of consideration, or other like matter, which would, of course, admit the formal execution of the deed, but, instead, a general denial that it was the deed of the alleged maker of it, or, in other words, a denial that it was either signed or delivered by him.

The learned judge who presided at the trial presented these views to the jury, and there was no real conflict in the charge as contended by the plaintiff. If there was any error, it was favorable. to the appellants, as the defendant was required to show by the preponderance of the evidence that the deed was not executed.

There was some questions of evidence, but it will not be necessary to consider them in detail. All of them, presented by many exceptions, can be reduced to a very few in number if we disregard repetition.

The objections to questions asked P. R. Belk were properly overruled, as it will be found upon an examination of the questions that they tended to impeach him or to show that he dealt with the property in question in a manner inconsistent with his present attitude toward this suit. We do not think that the evidence was irrelevant, but if so, as to that which was not clearly competent it was harmless. There is some latitude allowed on cross-examination, especially when a witness is being attacked or impeached to show his bias or his interest in the event of the action, or his lack of credibility, and we do not always scan it too closely when it is not substantive evidence. If we could see that it is irrelevent and harmful, we would, of course, exclude it, but that is not the case here, as this evidence is both relevant and competent.

The same may be substantially said as to the examination of A. H. A. Belk. The testimony of this witness and that of W. A. Eubanks concerning the charge of A. H. A. Belk against his brother P. R. Belk that he had forged the deed was also relevant to the controversy. It was defendant's contention that the deed was not executed by Calvin Laney, but that his name subscribed to the deed was forged by P. R. Belk. That was the dispute between them. When P. R. Belk called his brother, A. H. A. Belk, a liar, and the latter sharply retorted "I never forged a deed!" it was the same as a direct charge that P. R. Belk had forged

the deed, though made by implication. P. R. Belk could not well have misunderstood it as an accusation of the forgery, and he was silent. When A. H. A. Belk said, "I never forged a deed," he meant that P. R. Belk had done so, and could have meant nothing else by his insinuation or intimation, but if the language was equivocal, it was for the jury to decide what was intended.

The fact that Parmelia Belk was impecunious and had no money to pay for a deed reciting a consideration paid by her, was circumstance proper for the consideration of the jury upon the question of its execution—not of great weight, it may be, but of some.

The tax lists also were some evidence that the parties did not own the land. It may be slight, but still not to such an extent as to be none at all. *Austin v. King,* 97 N. C., 342; *Ruffin v. Overby,* 105 N. C., 78; *Bernhardt v. Brown,* 122 N. C., 590. It was competent to be weighed with other evidence.

It is competent to show previous consistent statements of a witness to strengthen his credibility. *Johnson v. Patterson,* 9 N. C., 183; *Jones v. Jones,* 80 N. C., 246; *Cuthbertson v. Austin,* 152 N. C., 338; *March v. Harrell,* 46 N. C., 329; *Bennett v. R. R.,* 120 N. C., 517. The court gave those of the requested instructions to which the defendant was entitled and the charge fully covered the case.

Whether the second issue should have been submitted makes no difference now, as the jury have found for the plaintiff upon the first issue. If there was no deed, it is immaterial whether the defendant purchased the land for value and without notice. If the plaintiff acquired no title, it follows that the defendant did, as he had a deed for the land which has not been assailed.

In discussing the burden of proof we may not have sufficiently directed attention to the form of the issue, which is, Whether Calvin Laney had executed and delivered the deed, as alleged in the complaint. The burden of such an issue is clearly upon the plaintiff.

The cases of *Benedict v. Jones,* 129 N. C., 470; *Smithwick v. Moore,* 145 N. C., 110, are cited as deciding that the burden of proof as to the nonexecution of the deed rests upon the defendant. The last case cited, *Smithwick v. Moore,* is a direct authority in support of what we have said in this opinion. It was there held that the registration of the deed raised a presumption of its execution, and that there was no evidence in the case that rebutted or impaired it. The question there was whether the plaintiff, who attacked the deed, had offered any evidence that it was not executed. There is nothing in that case which conflicts with our decision. The other case, *Benedict v. Jones, supra,* related to the privy examination of the wife, as from the following language of the Court will appear: "In order to rebut that presumption she must show

to the jury by clear, strong, and convincing proof that she was not privately examined separate and apart from her husband touching her execution of the deed of trust according to law." The decision was based upon Laws of 1889, ch. 389 (Revisal, sec. 956). The deed of trust considered in that case purported to have been duly executed by the wife with her privy examination and was dated 4 August, 1891. The court simply held that if the probate of the deed, including the privy examination, was validly taken, it could not be invalidated for fraud, etc., unless the grantor or person to whom the deed was made participated in or had notice of this defect. But it is said that *Lyerly v. Wheeler*, 34 N. C., 290; *Meadows v. Cozart*, 76 N. C., 450; *Kendrick v. Dellinger*, 117 N. C., 492, cited and approved in *Fortune v. Hunt*, 149 N. C., 358, 362, support plaintiff's contention. It will be found that in those cases the only question related to the date of a deed. This appears from the following language used by *Judge Pearson* in *Lyerly v Wheeler, supra,* at p. 291: "The defendant contended that the date of the deed was no evidence that it was executed on that day; and the plaintiff could not recover without proving that it was executed on the day it bore date. The court charged that the date of the deed was prima facie evidence of the time of its execution. To this the defendant excepts, which is the only point made in the case. There is no error. The date of the deed, or other writing, is prima facie evidence of the time of its execution, upon the general principle that the acts of every person in transacting business are presumed to be consistent with truth, in the absence of any motive for falsehood." Similar language is used by *Justice Bynum* in *Meadows v. Cozart, supra,* with reference to the date of a deed, and *Lyerly v. Wheeler, supra,* is cited in approval of the principle. The same is substantially said by *Justice Ruffin* in *Love v. Harbin, supra,* both as to the execution of a deed and as to its probate and registration.

It is said in *Kendrick v. Dellinger, supra,* in the first sentence of the opinion, that "A deed is presumed to have been delivered at the time it bears date, unless the contrary is satisfactorily shown," and for this statement *Lyerly v. Wheeler, supra,* and *Meadows v. Cozart, supra,* are cited. As we have shown, they are not authorities for the statement, as they only decide that "the date of a deed or other writing is *prima facie* evidence of the time of its execution," per *Bynum, J.,* in *Meadows v. Cozart, supra.*

In recent years this Court has not given to a prima facie or presumptive case the force and effect it formerly had, and has more properly and correctly treated it as furnishing evidence of the fact to be proved. Where there is really no controversy as to the execution of the deed in question, or no evidence to support a denial of it, we go quite far enough

when we allow the probate and registration of it to be sufficient proof,. under the statute, of its validity; and when there is controversy and evidence to sustain a denial of its execution, we place the burden upon the party claiming under it of proving its due execution, but give him the benefit of the presumption arising from its registration. The other rule which is contended for would reverse our decisions as to the burden of proof when there is a prima facie case, and, besides, would make it easy for fraud to be committed by registration and very difficult and perhaps impossible to overcome the presumption raised by the registration of a deed, the result being that titles to land in the State would be seriously threatened if not destroyed. We do not deny that a presumption of regularity attaches to the proceedings of courts of record acting within their jurisdiction, but the presumption that public officers have done their duty does not always supply proof of a substantive fact. *U. S. v. Ross,* 92 U. S., 281, citing Best on Evidence, sec. 300.

The Legislature, by using the words "all deeds *executed* and registered according to law shall be valid and pass title and estates," etc.,. Revisal, sec. 979, evidently intended that the burden as to due execution should be imposed upon the party claiming under the deed, when there is an issue joined in regard to it calling for proof. The case of *Lumber Co. v. Leonard,* 145 N. C., 341, is like *Benedict v. Jones, supra,* and in it the privy examination of the wife was assailed, under the statute, for fraud. Besides, the wife alleged that she thought the instrument was a contract to convey timber and not land, which would call for a reformation of it. *Odom v. Clark,* 146 N. C., 550, did not involve the same question as the *Leonard case,* but was cited collaterally and incidentally. The Court expressly. says in the *Odom case* that it is not like *Lumber Co. v. Leonard, supra,* and *Harding v. Long,* 103 N. C., 1, and only a preponderance of the evidence was required. There is no attack on the probate of the deed in this case. It involves merely the construction of the statute, which clearly leaves the execution of the deed open to proof, nor is there any attempt to reform an instrument as in *Harding v. Long, supra.* If clear, strong, and convincing proof is required, then the case of *Love v. Harbin, supra,* which has been approved in many cases, was not correctly decided, as there it was held that probate and registration are only prima facie evidence of the execution of a deed. *Glenn v. Glenn,* 169 N. C., 729, was a suit for the reformation of a deed, the execution of which was admitted, and has no application whatever in this case, as this is not an action to reform or to set aside a deed, or a probate or registration, but the question is what is the legal effect, as proof, of the probate and registration upon an issue as to the execution of the deed—and that is all. The authorities cited and just reviewed are not relevant.

BELK *v.* BELK.

We have carefully examined the record, and no error has been found. No error.

BROWN, J., concurring in result: I think that the charge of the judge upon the burden of proof is strictly correct and in accord with the decisions of this Court. The probate of a deed with registration raises a presumption of execution and delivery which entitles plaintiff to a verdict unless defendant rebuts such presumption by evidence satisfactory to the jury. The burden of proof shifts when the probated and registered deed is introduced in evidence by the plaintiff, and then it rests on defendant to satisfy the jury that the deed in fact was never executed and delivered. The law gives to the probate and registration of a deed the "artificial weight" of a presumption, and whoever attacks such deed must assume the burden of overthrowing or rebutting such presumption.

The probating of a deed is the solemn act of the law and imports absolute verity. It is a judicial act by the officers duly appointed by law.

This rule is laid down by *Clark, C. J.,* with much clearness in *Smithwick v. Moore,* 145 N. C., 110, and up to now has been regarded and acted upon as the settled law of this State.

In *Fortune v. Hunt,* 149 N. C., 358, this Court said: "His Honor should have told the jury that the law *presumes* that this deed, proved, registered, and offered in evidence by defendants claiming under it, was executed and delivered at the time it bears date unless the contrary be shown and the burden to show it rests on plaintiff."

In *Benedict v. Jones,* 129 N. C., 470, the Court went so far as to hold that the presumption of the correctness of the certificate of probate must be overcome by "clear, strong, and convincing evidence." The same rule was laid down in *Lumber Co. v. Leonard,* 145 N. C., 341, cited and approved in *Odom v. Clark,* 146 N. C., 550, by *Mr. Justice Hoke.*

In *Glenn v. Glenn* the same learned judge again cites and approves *Leonard v. Lumber Co.* and holds that this rule of evidence applies to "written certificates of officers given and made in the course of duty." This rule is founded upon the protection which the law gives to land titles and the weightiest considerations of public policy require that it should not be weakened.

The *Chief Justice* concurs in this opinion.